11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re John S. Young

No. 11-01-00397-CR B
Original Proceeding

 

Relator seeks a writ of mandamus directing the
118th District Court to vacate its order requiring relator to represent John
Ross Cansino in the State of Texas vs. John Ross Cansino, Trial Court Cause No.
10, 436.  Relator contends that the
order requires him to represent Cansino without any reimbursement.  We agree and conditionally grant the
application for writ of mandamus.

The record reflects that Cansino was first
indicted in Trial Court Cause No. 10,414 for the murder of Julian Cansino by
inflicting blunt trauma.  Cansino
retained relator to represent him in Cause No. 10,414.  The State filed a motion to amend the
indictment in Cause No. 10,414 to add the mens rea that Cansino Awith the intent to cause
serious bodily injury or death did commit an act clearly dangerous to human
life.@  The trial court denied the motion to amend,
and the State dismissed the indictment in Cause No. 10,414.  The State then re-indicted Cansino in Trial
Court Cause No. 10,436 for the capital murder of Julian Cansino, a child less
than 6 years of age.[1]









 At the
arraignment on the capital murder indictment in Cause No. 10,436, relator
testified that, when the murder indictment was dismissed, he explained to
Cansino and Cansino=s
family that the agreement for representation was complete and that, if they
desired relator to represent Cansino in 
the new case, relator would discuss the matter once the fees from the
first indictment were paid.  Cansino
testified that he would like relator to represent him in the capital murder
charge, that relator made it clear to him that relator Adid all his pay and fee on the first case that
was dismissed,@ that
he felt like he had hired relator for the Awhole
trouble,@ and that
there was a paragraph in the representation agreement that the agreement did
not cover any retrials, re-indictments, appeals, or anything other than Cause
No. 10,414.  Cansino further testified
that, while he had some money, he did not have the money to hire an attorney
for a capital murder trial or to hire experts. 
Cansino had $3,000 available. 
Neither Cansino nor his family had discussed with relator the
possibility of relator representing Cansino in the capital murder charge.  The trial court held that relator was Astill in the case.@  

Relator contends that, when the indictment for
murder was dismissed, his retained representation of Cansino in Cause No.
10,414 terminated and that the agreement between Cansino and relator did not
involve any future representation in any possible new indictments.  Therefore, the trial court=s order that he remain
counsel of record required relator to represent Cansino without any provision
for compensation.            

Mandamus is an extraordinary remedy and will not
issue by an intermediate appellate court unless the relator establishes that
there is no adequate remedy at law and that the act complained of is
ministerial not discretionary in nature. 
State ex rel. Hill v. Court of Appeals for the Fifth District,  34 S.W.3d 924, 927
(Tex.Cr.App.2001)(original proceeding); Dickens v. Court of Appeals for the
Second Supreme Judicial District of Texas, 727 S.W.2d 542, 548
(Tex.Cr.App.1987)(original proceeding); In re State, 50 S.W.3d 100, 102
(Tex.App. - El Paso 2001)(original proceeding).  Mandamus is appropriate where the relief sought is A>clear and undisputable= such that its merits are >beyond dispute=@ and there is nothing left
to the exercise of discretion or judgment. 
State ex rel. Hill v. Court of Appeals for the Fifth District, supra at
927-28; see Stearnes v. Clinton, 780 S.W.2d 216, 225 (Tex.Cr.App.1989)(original
proceeding); Smith v. Flack, 728 S.W.2d 784, 792 (Tex.Cr.App.1987)(original
proceeding). 

The record reflects that it was undisputed that the
representation agreement between relator and Cansino was for the murder
indictment, that Cansino had not discussed with relator the possibilities of
retaining relator to represent him in the capital murder case, that relator was
not retained on the capital murder case, and that relator was not appointed to
represent Cansino on the capital murder case. 
We agree with relator=s
contention that the trial court=s
order that the relator was Astill
in the case@ was
tantamount to requiring relator to represent Cansino without any
enumeration.   Mandamus is an
appropriate remedy.[2]








The application for writ of mandamus is
conditionally granted.  In the event
that the trial court does not rescind its order that relator is Astill@ counsel of record for
Cansino, the writ shall issue.  The
clerk of the trial court is directed to forward to this court a copy of the
trial court=s
order.  In the event that the trial
court determines that Cansino is indigent and appoints subsequent counsel or
determines that Cansino is not indigent and has retained counsel, the district
clerk is directed to forward those findings to this court.   The district clerk is directed to forward
these documents to this court on or before February 15, 2002. 

 

PER CURIAM

 

January 31, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]The record reflects that the State is not seeking the
death penalty. 





[2]  See Buntion v.
Harmon, 827 S.W.2d  945
(Tex.Cr.App.1992)(original proceeding), where the court held that mandamus was
the appropriate remedy when the trial court had replaced court-appointed
counsel.