**Affirmed and Memorandum Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00289-CR

---

## EX PARTE TYGER WADE LUCAS

---

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Cause No. 1811823**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of a pretrial writ of habeas corpus. Tyger Wade Lucas applied for habeas relief, alleging that the State had refiled a charging instrument previously dismissed with prejudice. The State countered that refiling was warranted because the order of dismissal had resulted from clerical error, which the court was empowered to correct. We affirm the trial court's order denying relief.

## BACKGROUND

In July 2011, Lucas was charged by information with driving while intoxicated. Five months later, he filed a motion to dismiss the charging instrument and a motion for discovery and inspection of evidence. In his motion to dismiss, Lucas argued that his innocence was conclusively shown by evidence proving that his blood alcohol level had fallen within legal limits. Lucas also argued that his case should be dismissed because he was denied access to exculpatory evidence, he was deprived of his constitutional right to a speedy trial, and he was denied equal protection under the law.

The State did not file a written response to Lucas's motions. However, our limited record indicates that argument was briefly heard on the day the motions were filed, despite there being no court reporter present during the proceedings. The arguments were presented to Visiting Judge Mark Atkinson, who was sitting on behalf of the Honorable Jean Spradling Hughes, judge of County Criminal Court at Law No. 15. Following the argument of counsel, Judge Atkinson signed an order dismissing the charging instrument, citing unspecified "constitutional violations."

Despite the trial court's order, proceedings continued as though the charging instrument had never been dismissed. On the same day that the dismissal order was signed, the trial court signed two other documents: one granting Lucas a discovery order, and the other rescheduling his case for a later pretrial setting. The case reset form contains notations that a video in evidence had recently been produced, and that defense counsel needed time to review it "due to delay." The form also reflects that DIVERT and other plea options remained open for discussion.

At the next case setting, Lucas filed two more motions to dismiss the charging instrument. Both motions were based on essentially the same grounds as

Lucas's original motion, and neither mentioned the trial court's prior order of dismissal. No ruling was made on either motion. Instead, the trial court signed another case reset form setting a date for trial by jury.

Before the trial date arrived, Lucas filed an application for writ of habeas corpus, claiming that the trial court lacked jurisdiction over the case because the charging instrument had been dismissed and the court's plenary power had lapsed. The record contains an unsigned court directive order dated three days after the application, dismissing the cause "per order of the court." Rather than pursue an appeal, the State refiled the charging instrument under a new cause number.

Lucas again sought habeas corpus relief, including an order to quash the information and dismiss the new charges. A hearing was held on Lucas's application, this time with Judge Hughes presiding. Lucas reasserted his speedy trial claim and argued further that the State could not refile an information already dismissed with prejudice. At the conclusion of the hearing, the trial court denied all requested relief without entering findings of fact and conclusions of law. Lucas timely filed a notice of appeal. In two issues, he asks us to decide whether the State was barred from refiling the charging instrument, and whether the trial court abused its discretion by refusing to dismiss the case on speedy trial grounds.

## APPELLATE JURISDICTION

The pretrial writ of habeas corpus is "an extraordinary writ." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Neither a trial court nor an appellate court may entertain an application for writ of habeas corpus when there is an adequate remedy by appeal. *Id.* Additionally, an applicant must be illegally restrained to be entitled to relief. *Id.* Lucas was restrained of his liberty when he was charged with driving while intoxicated and released on bail to await trial. *See*

3

Tex. Code Crim. Proc. art. 11.01. The remaining question is whether he is permitted to bring his claims through a pretrial writ application.

In determining whether an issue is cognizable for purposes of habeas corpus, the court of criminal appeals has considered a variety of factors. The court has looked at whether the alleged defect would bring into question the trial court's power to proceed. *See, e.g.*, *Ex parte Becker*, 459 S.W.2d 442, 443 (Tex. Crim. App. 1970) (examining whether an indictment was void based on the organization of the grand jury). Along these same lines, the court has found that a pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *See Ex parte Ruby*, 403 S.W.2d 129, 130 (Tex. Crim. App. 1966) (per curiam). An applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy and bail. *See Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. [Panel Op.] 1982); *Ex parte Keller*, 595 S.W.2d 531, 532 (Tex. Crim. App. [Panel Op.] 1980). The court has held, conversely, that an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial, challenge a denial of a pretrial motion to suppress, or make a collateral estoppel claim not alleging a double jeopardy violation. *See Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. [Panel Op.] 1979); *Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999). These issues are better addressed by a post-conviction appeal. According to the court, pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *See Weise*, 55 S.W.3d at 620.

In this habeas appeal, Lucas challenges the refiling of a charging instrument and the trial court's refusal to dismiss the new charges on speedy trial grounds. The court of criminal appeals has held that an appellate court lacks the jurisdiction to consider speedy trial issues through the denial of a writ. *See Ex parte Doster*, 303 S.W.3d 720, 723 n.12 (Tex. Crim. App. 2010); *Delbert*, 582 S.W.2d at 146; *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex. Crim. App. 1970); *see also Smith v. Gohmert*, 962 S.W.2d 590, 592–93 (Tex. Crim. App. 1998) (orig. proceeding) (holding that relief may not be granted by mandamus or habeas corpus on the basis of alleged speedy trial violations). Accordingly, we do not address Lucas's second issue. Lucas's first issue challenging the trial court's jurisdiction implicates its authority to proceed. Because habeas relief is available for such inquiry, we limit our review to this discrete issue. *See Weise*, 55 S.W.3d at 619.

## ANALYSIS

We review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Under this standard, we afford almost total deference to the trial court's findings of fact, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We apply the same deference to the trial court's application of law to questions of fact if resolution of those issues requires an evaluation of credibility and demeanor. *Ex parte Legrand*, 291 S.W.3d 31, 35–36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If resolution of the ultimate issue turns solely on a question of law, our review is de novo. *Id.*

On March 22, 2012, Judge Hughes held a hearing to discuss Lucas's habeas application, motion to quash, and motion to dismiss. During the hearing, Lucas

5

argued that the State was strictly prohibited from filing new charges, citing article 28.061 of the Texas Code of Criminal Procedure, which provides as follows:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction . . . .

Tex. Code Crim. Proc. art. 28.061.

In response, the State argued that speedy trial issues had not been implicated. It further suggested that new charges could be filed pursuant to Article 28.04 because Judge Atkinson's signing of the dismissal order had been inadvertent. *See* Tex. Code Crim. Proc. art. 28.04 (providing that if a charging instrument is set aside without regard to speedy trial issues in a misdemeanor case, the defendant shall be discharged, but may again be prosecuted within the time allowed by law). As the State observed, Judge Atkinson signed other orders and case resets in conjunction with the order of dismissal. According to the State, this indicated that the parties were "still going through the process that this case was going to proceed to trial."

Judge Hughes took judicial notice of all the documents in the case file. No additional witnesses were called to testify. Without expressing her reasons, Judge Hughes denied the application for writ of habeas corpus.

Prior to submission, this Court determined that it could not reconcile Judge Hughes's decision denying habeas relief with Judge Atkinson's order dismissing the information with prejudice. Based on the arguments in the record, we recognized that the order of dismissal may have been the product of clerical error, but we declined to proceed with any analysis in the absence of written findings from the trial court. Accordingly, on October 16, 2012, we issued an abatement

6

order remanding this case for a hearing so that the trial court could determine the circumstances surrounding the order of dismissal. *See* Tex. R. App. P. 44.4; *Henery v. State*, 364 S.W.3d 915, 919 (Tex. Crim. App. 2012) (holding that an appellate court should abate for findings rather than attempt to resolve conflicts in the record on its own).

On November 6, 2012, a hearing was conducted before Judge Robin Brown of County Criminal Court at Law No. 12. Judge Brown indicated that the hearing requested in our abatement order had already been held months before, but neither Lucas nor the State had chosen to designate the record of those proceedings for inclusion in the record on appeal. Because Judge Brown had presided over that earlier hearing as a visiting judge in place of Judge Hughes, she stated that "it only makes sense that I would be the one to respond to the abatement order." In her findings of fact, Judge Brown stated that the hearing was held on May 23, 2012, and that Judge Atkinson was subject to examination by both sides. She further found that "[s]everal of Judge Atkinson's responses address the question raised by the Court of Appeals in [its] abatement order."

The trial court supplemented the record to include the transcript of that earlier hearing. The record reflects that the hearing was held to consider the State's motion for nunc pro tunc, which sought to correct Judge Atkinson's order of dismissal. Judge Atkinson testified about the signing of that order, stating that he had intended to deny it. According to Judge Atkinson, his normal practice is to write the word "denied" on a motion and then sign it, but in this case, he mistakenly left off the notation for denial.

Tim Ballengee, who had represented the State before Judge Atkinson, also testified. Ballengee stated that he had argued against the granting of Lucas's motion to dismiss. Ballengee further testified that Judge Atkinson had given an

7

oral ruling with regard to the motion to dismiss, and that the oral ruling was contrary to the order that was actually granted. The court found Judge Atkinson and Ballengee to be wholly credible and truthful. It also concluded that Judge Atkinson's failure to inscribe the word "denied" on his order of dismissal "was a clerical or typographical error that did not reflect his actual intention to deny the Motion to Dismiss." Because clerical or typographical errors are subject to correction at any time, the court granted the motion for nunc pro tunc and ordered the correction of Judge Atkinson's order to reflect that the motion to dismiss be denied. *See* Tex. R. Civ. P. 316; *Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex. 1986) (per curiam).

During the habeas hearing, Judge Hughes could have inferred that Judge Atkinson's granting of the motion to dismiss was a clerical error based on the conflicting documentary evidence in the case file. The findings from Judge Brown confirm that the dismissal order was a mistake. Therefore, Article 28.061 was not applicable on this record, and it would not operate to preclude the State's refiling of the charging instrument. Accordingly, the trial court did not abuse its discretion by denying Lucas's habeas application.

We turn briefly to two other issues that arose during the course of remand. Following our abatement, Lucas objected to a hearing before Judge Brown, contending that the judge of County Criminal Court of Law No. 12 had no authority or jurisdiction to consider a matter that was properly directed to the judge of County Criminal Court at Law No. 15. Lucas sought emergency relief against this "rogue judge," and in his supplemental briefing, he has argued that Judge Brown's actions were "illegal." By statute, however, the judges of a county criminal court may sit "for or with one another." *See* Tex. Gov't Code § 25.0012.

8

We conclude that Judge Brown did not err by conducting a hearing on behalf of Judge Hughes.

In his supplemental briefing, Lucas also raised a jurisdictional challenge to the trial court's hearing on the motion for nunc pro tunc. Lucas seems to contend that the findings from that hearing are void because once he filed his notice of appeal in this Court, the trial court lost its jurisdiction to act until our order of abatement. Although no authority was cited, Lucas appears to invoke Rule 25.2(g) of the Rules of Appellate Procedure, which provides: "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2(g). This rule has not been interpreted to apply to interlocutory appeals, however. *See In re State*, 50 S.W.3d 100, 101 (Tex. App.—El Paso 2001, orig. proceeding) (concluding that trial court was not required to vacate the order from a suppression hearing conducted during the pendency of a petition for writ of mandamus). Furthermore, it would be a waste of judicial resources to abate this case again so that a hearing already held can be conducted anew. We overrule Lucas's jurisdictional challenge. *See id.*

## CONCLUSION

The trial court's order denying relief is affirmed.


/s/     Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b)

9