## Ex Parte Charles Scarborough

No. A-4979. Decided February 9,1955.
Rehearing overruled March 9, 1955.
(275 S.W. 2d Series 476)

*Harrison & Smallwood* and *Ronald Smallwood,* all of San Antonio, for relator.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

In this habeas corpus proceeding Relator, Charles Scarborough, seeks release from the custody of Respondent, Joseph C. Repine, Chief Probation Officer of Bexar County Juvenile Court, and F. A. Bell, who is in charge of Bexar County School for Boys, where Relator says he is now confined on order of the Bexar County Juvenile Court, pending final disposition of his case.

On Nov. 17, 1954, Respondent Repine filed a petition in the 73rd District Court of Bexar County, sitting as a Juvenile Court, alleging that Relator was a delinquent child. After due notice that this petition had been filed, Judge Finch proceeded to trial on Nov. 24, 1954. On the same day he entered his judgment finding Relator to be a delinquent child and committing him to the custody of the State Youth Development Council of the State of Texas. He also issued a formal order of commitment in line with his judgment. However, in connection with his rendition of this judgment he orally instructed Repine to take Relator into custody and place him in the Bexar County School for Boys. These oral orders were carried out.

In that situation Relator filed with us on Nov. 27, 1954, his application for Writ of Habeas Corpus, alleging numerous errors in his trial which he claims rendered Judge Finch's judgment void and Relator's confinement thereunder unlawful.

We granted the application, set the cause for hearing on Jan. 19, 1955, and ordered Relator's immediate release from custody upon his executing and filing a bond in the sum of $1500 approved by the Sheriff of Bexar County, to abide our decision. That bond was furnished and Relator is at large under it.

It has been made to appear by certificate of the District Clerk of Bexar County, under date of Jan. 13, 1955, that on Dec. 15, 1954, Judge Finch entered an order decreeing that "the judgment heretofore pronounced on November 24, 1954, and thereafter entered herein, be and the same is hereby set aside and the said Charles Scarborough is granted a new trial in said cause."

With that order all alleged errors assigned as committed in the first trial went out the window and this cause became moot.

It follows that Relator's application is dismissed and he is freed of all restraints, except such as Art. 2338-1, Vern. Anno. Civ. Stat., or other applicable statutes, may authorize Judge Finch to impose to insure Relator's appearance at another trial in the Juvenile Court of Bexar County.

Opinion delivered February 9, 1955.

Rehearing overruled March 9, 1955.