**SOUTH ATLANTIC & GULF COAST DISTRICT OF THE INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, INDEPENDENT, et al., Appellants,**

v.

**HARRIS COUNTY–HOUSTON SHIP CHANNEL NAVIGATION DISTRICT, Appellee.**

No. 14112.

Court of Civil Appeals of Texas.

Houston.

Sept. 20, 1962.

Rehearing Denied Sept. 27, 1962.

Mandell & Wright, Arthur J. Mandell, Houston, for appellants International Longshoremen's Ass'n Local 872.

Sewall Myer, Houston, for appellants South Atlantic & Gulf Coast District of the International Longshoremen's Ass'n Independent, Ralph A. Massey as Representative of the District, Paul F. Koehne, as Representative of the District, International Longshoremen's Ass'n, Local No. 1273, Willie C. Wells and Jim Clark as Representatives of Local 1273, International Longshoremen's Ass'n Local 1530, and Lloyd Allen as Representative of Local No. 1530.

L. G. Clinton, Jr., Paul R. Robertson, J. L. Lockett, Jr., Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellee.

PER CURIAM.

This is an appeal from the judgment of the trial court permanently enjoining appellants from establishing and/or maintaining a picket line or picket lines at or adjacent to the premises of and directed against appellee. The order enjoined a number of persons in their individual and representative capacities, as well as all officers, agents, representatives, servants, employees and members of those unions.

Previous to the judgment granting a permanent injunction the trial court had granted a temporary injunction. The appellants here appealed to this Court from the judgment granting the temporary injunction. In our Cause No. 13985, styled the same as this case, we rendered an opinion on May 31, 1962, 358 S.W.2d 658, affirming the judgment of the trial court. On June 21, 1962, we overruled appellants' motion for rehearing. In July, 1962, appellants in that cause timely filed their application for writ of er-

ror to the Supreme Court. Such application is now pending there.

On September 10, 1962, a trial was had on appellee's petition for a permanent injunction. Appellee challenged the jurisdiction of the trial court to hear the application for permanent injunction while the appeal from the order granting the temporary injunction was pending. This plea was overruled. After the plea was overruled, the parties stipulated and agreed, subject to appellee's plea to the jurisdiction, that the evidence introduced before the court on the temporary injunction hearing would be submitted to the trial court. This was done. The same judge who had heard the temporary injunction proceeding also heard the permanent injunction. No new evidence was introduced and no new pleadings were filed. The transcript was timely filed in this Court. The parties have filed an agreement asking that we consider the record in Cause No. 13985, including the statement of facts and briefs on file here. They waive argument. They say neither has additional argument or authorities except on appellee's jurisdictional plea. Appellee has filed a brief on the plea to the jurisdiction.

We have considered the briefs and statement of facts in said cause as also being filed in this cause and base our disposition of this cause on such and the transcript and jurisdictional brief filed alone in this cause.

The trial court correctly held it had jurisdiction to hear the case on application for permanent injunction though an appeal was pending from a previous order granting a temporary injunction. Jurisdiction remains in the trial court to try the case on its merits. Rhoton v. Texas Land & Mortgage Co., Tex.Civ.App., 80 S.W.2d 763, C.C.A., writ ref.; Magnolia Petroleum Co. v. Blankenship, Tex.Civ.App., 70 S.W.2d 258, C.C.A., no writ hist.; Hill v. Pure Oil Co., Tex.Civ.App., 38 S.W.2d 855, C.C.A., error dism.

In our opinion in Cause No. 13985 we fully discussed the law we consider applicable. We entertain the same views we there expressed. We hereby adopt that opinion as the opinion of the Court in this cause, except for unnumbered paragraph 8, which paragraph deals with the test of determining whether the trial court was in error in granting a temporary injunction. Otherwise the opinion is fully applicable in this cause.

The judgment of the trial court is affirmed.