Ricky D. PETERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01053–CR.

Court of Appeals of Texas,
Dallas.

April 8, 1983.

Discretionary Review Granted July 6, 1983.

Walter W. Steele Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and GUILLOT, JJ.

GUITTARD, Chief Justice.

A single offense has resulted in these two appeals, one from denial of a writ of habeas corpus and the other from a conviction for driving while intoxicated. In the latter case the trial court had previously deferred an adjudication of guilt under authority of article 42.13, Section 3d(a), of the Texas Code of Criminal Procedure. The constitutionality of that statute, insofar as it authorizes imposition of a fine before an adjudication of guilt, is the principal question presented, but we conclude that we cannot consider that question on either appeal. Consequently, we dismiss the application for habeas corpus as moot and affirm the judgment of conviction.

Appellant was charged by information with the offense of driving a motor vehicle on a public street while intoxicated. He pleaded guilty,[1] waived jury trial, and filed an application requesting the court to defer further proceedings and place him on probation without an adjudication of guilt. The application contains a judicial confession that he was guilty of the offense. On September 28, 1981, in response to appellant's application, the court entered an order granting his application, deferring further proceedings without adjudicating guilt, and placing him on probation for twenty-four months on specified terms, including payment of a $400 fine. The order recites that the record substantiates appellant's guilt. On the same day the court ordered appellant committed to jail until payment of the fine and costs. After serving a number of days, appellant filed an application for a writ of habeas corpus, alleging that he was being illegally held because no fine could be imposed without adjudication of guilt. The court denied the writ, and appellant perfected an appeal from that order.

On January 11, 1982, after filing of the appeal in the habeas corpus case, the State filed in the trial court a motion to proceed to an adjudication of guilt and assessment of punishment, alleging that appellant had failed to pay the $400 fine. The motion was set for hearing, but on appellant's motion for continuance was passed to May 24, 1982, pending an application by appellant to this court and also to the Court of Criminal Appeals for a writ of prohibition staying the adjudication hearing until after the disposition of the habeas corpus appeal. On denial of this relief, the adjudication hearing was advanced to March 15. At the hearing on that date counsel for appellant objected that the court could not properly proceed because of the pendency of the habeas corpus appeal and because a continuance had been granted until May 24. The court overruled these objections, heard testimony on appellant's failure to pay the fine, revoked his probation, found him guilty of the offense, and assessed his punishment at a fine of $50 and a jail sentence of thirty days, probated for six months. From this order appellant perfected another appeal, and both appeals are now before us.

### The Habeas Corpus Appeal

In the habeas corpus appeal appellant contends that the trial court erred in imposing a fine in the order deferring adjudication because a fine can only be imposed after conviction. The State contends that the order denying habeas corpus is now moot because the trial court has proceeded to an adjudication of guilt and has determined his punishment. We conclude that the appeal is indeed moot if the court had authority to adjudicate his guilt because, if so, he is no longer confined or subject to confinement for failure to pay the $400 fine, and thus our reversal of the order denying habeas corpus would have no practical effect. *Ex parte Scarborough*, 154 Tex. 222, 275 S.W.2d 476 (1955).

We must determine, therefore, whether the court had authority to proceed with an adjudication of guilt. Appellant contends in the second appeal[2] that on filing the

---

1. The application for deferred adjudication states that appellant pleads *nolo contendere,* but the order deferring adjudication and a stipulation show that he pleaded guilty.

2. This question is not raised by the appellant in the habeas corpus appeal, but is raised in the appeal from final conviction. We conclude for reasons to be stated later that we have no

record in the habeas corpus appeal, the trial court lost all power to proceed because article 44.11 of the Code of Criminal Procedure provides that when the record has been filed in the appellate court, all further proceedings in the trial court shall be suspended until the mandate of the appellate court is received.

 We do not agree. Article 44.11 suspends proceedings in the trial court only in case of an appeal from a final judgment of conviction. It has never been applied to an appeal from denial of a pre-conviction writ of habeas corpus. To apply the statute in that context would permit interlocutory appeals by way of habeas corpus, with consequent delay in criminal trials—a result contrary to the evident legislative intent. In this connection we note that section 3d(b) of article 42.13 specifically provides that no appeal may be taken from the court's determination to proceed with an adjudication of guilt after having entered an order deferring adjudication. Neither may an appeal be taken from an order deferring adjudication. *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981) (*en banc*).

 Our interpretation of article 44.11 is consistent with the general principle that an appeal from a preliminary order does not suspend the trial court's power to proceed on the merits. This principle has been recognized in various situations: (1) appeals from orders of the juvenile court transferring a child to a criminal court for trial as an adult, *L.L.S. v. Wade,* 565 S.W.2d 251, 252 (Tex.Civ.App.—Dallas 1978, no writ); (2) appeals from orders granting a temporary injunction, *South Atlantic & Gulf Coast District, I.L.A. v. Harris County-Houston Ship Channel Navigation Dist.,* 360 S.W.2d 181, 182 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.); (3) appeals from orders overruling a plea of privilege, *W.R. Grimshaw Co. v. Zoller,* 396 S.W.2d 477 (Tex.Civ.App.—San Antonio 1965, no writ).

Accordingly, we hold that pendency of the habeas corpus appeal did not affect the court's authority to proceed with an adjudication of guilt; therefore, upon the adjudication of guilt, conviction, and sentence, appellant's application for habeas corpus became moot, and it is now dismissed.

### The Appeal from the Judgment of Conviction

In the second appeal appellant presents four grounds of error. Three of these complain that the trial court erred in granting the State's motion to proceed with an adjudication of guilt for the following reasons: that all proceedings in the trial court were suspended pending disposition of the habeas corpus appeal (first ground), that the court erred in proceeding on March 15 after having granted a continuance to May 24 (second ground), and that adjudicating appellant guilty for failure to pay a fine unconstitutionally imposed was a denial of due process of law (fourth ground).

We conclude that we have no authority to consider any of these grounds of error because the court's decision to proceed with adjudication of guilt is not reviewable by this court. Article 42.13, section 3d(b) provides:

> On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred. [Emphasis added.]

authority to consider it in the appeal from final conviction, but we consider it now in order to determine whether the habeas corpus appeal is moot. If we have no authority to consider it in

either appeal, the result is the same because, on that theory, the judgment of conviction is not subject to attack in the habeas corpus appeal.

■ An identical provision in the general adult probation statute, section 3d(b) of article 42.12 of the Code of Criminal Procedure (Vernon Supp.1982), has been interpreted by the Court of Criminal Appeals to mean that the trial court's decision to proceed with an adjudication of guilt is a matter of absolute discretion, not reviewable on an appeal from the judgment of conviction after guilt has been adjudicated. *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Cr. App.1979); *accord, Holder v. State,* 618 S.W.2d 80, 81 (Tex.Cr.App.1981); *Daniels v. State,* 615 S.W.2d 771 (Tex.Cr.App.1981). Consequently, we overrule appellant's first, second and fourth grounds of error.

■ For similar reasons we overrule appellant's third ground of error, which complains that the court erred in imposing a fine as a part of its order deferring adjudication because section 3d(a) of article 42.13, which purports to authorize that procedure, violates due process of law. The Court of Criminal Appeals held in *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981) (*en banc*) that any order deferring adjudication, like a decision to proceed with adjudication, is not subject to review. Although *McDougal* was an attempted appeal directly from an order deferring adjudication rather than from a judgment of conviction in a subsequent proceeding to adjudicate guilt on the State's motion, the same conclusion follows here because the authority cited is *Williams,* which was an appeal from a final conviction.

■ This conclusion is logical because a conviction and sentence based on a plea of guilty or *nolo contendere* supersedes the terms of any previous unadjudicated probation. Appellant's only remedy for any unacceptable provision of the order deferring adjudication was to move for final adjudication under sections 3d(a). *McDougal,* 610 S.W.2d 509. If appellant had any ground of appeal from the conviction other than the terms of the order deferring adjudication and the court's decision to grant the State's motion, we could consider it, but none is presented. The evidence, including appellant's judicial confession, is sufficient to support the conviction. Consequently, all of appellant's grounds of error are overruled.

The application for writ of habeas corpus is dismissed and the conviction is affirmed.