**In re the STATE of Texas, Relator.**

No. 08-01-00203-CR.

Court of Appeals of Texas, El Paso.

June 28, 2001.

Jaime E. Esparza, Dist. Atty., El Paso, for Relator.

Luis Aguilar, John P. Mobbs, El Paso, for Respondent.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is a petition for writ of mandamus in a criminal proceeding. We deny relief.

### FACTS

Cerjio Martinez, an officer with the El Paso Police Department, has been charged with perjury based upon alleged inconsistencies between his statements given to El Paso Police Department Detective Norman, and conversations surreptitiously recorded by Assistant El Paso City Attorney Stephanie Osburn. Martinez moved to suppress a grand jury statement and his statement to Detective Norman. Judge Sam Medrano granted those motions on February 20, 2001. The State appealed these rulings under TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(5) (Vernon Supp.2001) and filed the appellate record with this Court on April 20, 2001 in cause no. 08–01–00081–CR.[1]

Martinez also filed a motion to suppress all evidence obtained from Stephanie Osburn, claiming attorney-client privilege. Judge Medrano conducted hearings on the

---

1. The record did not contain the motion to suppress Martinez's statement to Norman. It appears, therefore, to be incomplete.

privilege issue on February 12, 13, and 20, March 7, and April 16 and 19, 2001. On April 25, 2001, Judge Medrano announced from the bench that he found an attorney-client relationship existed between Martinez and Osburn, that the privilege was not waived, and that he was excluding all taped conversations between them, Osburn's grand jury testimony, and all written statements by Osburn. On May 3, 2001, he issued a written order reflecting those rulings.

In its mandamus petition, the State urges the orders of April 25 and May 3 are void and the judge has a ministerial duty to vacate them. This is so, the State claims, because once the record is filed with the appellate court, the trial court loses jurisdiction over the case, which occurred here on April 20.

### STANDARD OF REVIEW

■ Mandamus is an extraordinary remedy and will not issue unless the relator makes two showings: first, there must be no adequate remedy at law; and second, the act complained of must be ministerial, not discretionary, in nature.[2] Mandamus is available when a trial judge enters an order without statutory authority.[3] Nevertheless, mandamus is a drastic remedy to be invoked only in extraordinary situations.[4]

2. *Bennett v. Paxson,* 932 S.W.2d 81, 82 (Tex. App.—El Paso 1996, orig. proceeding).

3. *State ex. Rel. Holmes v. Denson,* 671 S.W.2d 896, 899 (Tex.Crim.App.1984) (orig.proceeding).

4. *Perkins v. Court of Appeals for Third Supreme Judicial District,* 738 S.W.2d 276, 284 (Tex.Crim.App.1987) (orig.proceeding).

5. Tex.R.App.P. 25.2(e).

### Trial court jurisdiction continues during interlocutory appeal

■ In support of this mandamus petition, the State relies upon Tex .R.App.P. 25.2(e), which states:

> Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate.[5]

Despite the rule's broad language, however, we find it does not apply to interlocutory appeals where no final judgment has been entered. We come to this conclusion for two reasons.

■ First, we are persuaded by the Dallas court's interpretation of Rule 25.2's predecessor statute, Tex.Code Crim.Proc. Ann. art. 44 .11. In *Peters v. State,*[6] that court held that article 44.11 suspended trial court proceedings only when there is an appeal from a final judgment.[7] It stated: "[o]ur interpretation of article 44.11 is consistent with the general principle that an appeal from a preliminary order does not suspend the trial court's power to proceed on the merits."[8] Here, likewise, the State is appealing from a pretrial order, and Rule 25.2(e) should not apply. Moreover, in support of its contention that the trial court lost jurisdiction when the appellate record was filed, the State cites only cases that involved final judgments on the merits.[9]

6. 651 S.W.2d 31, 33 (Tex.App.—Dallas 1983, pet. dism'd).

7. *Peters,* 651 S.W.2d at 33.

8. *Id.*

9. *See, e.g., Green v. State,* 906 S.W.2d 937, 938 (Tex.Crim.App.1995) (trial court's entry of written findings eleven months after record was filed and five months after briefs were filed was void); *Berry v. State,* 995 S.W.2d 699, 700 (Tex.Crim.App.1999) (same).

Second, the appellate rules on interlocutory appeals in civil cases provide guidance here. TEX.R.APP.P. 29.5 provides that:

> While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from, and may proceed with a trial on the merits. But the court must not make an order that:
>
> (a) is inconsistent with any appellate court temporary order; or
>
> (b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.[10]

■ In the civil context, then, a trial court retains jurisdiction of a case during an interlocutory appeal and may even proceed to trial on the merits of that case during such appeal. Although there is no analogous rule governing interlocutory criminal appeals, there is the "general principle that an appeal from a preliminary order does not suspend the trial court's power to proceed on the merits." [11]

For these reasons, we conclude that TEX. R.APP.P. 29.5 does not render the trial court's April 25 and May 3 orders void, and the extraordinary remedy of mandamus is not warranted here. We need not reach real-party-in-interest Martinez's second contention, that the appellate record as filed on April 20 was incomplete, and therefore Rule 29.5 does not apply.

### CONCLUSION

The State's petition for writ of mandamus is denied.

---

**10.** TEX.R.APP.P. 29.5.

**11.** *Peters,* 651 S.W.2d at 33.