**REVERSED AND REMANDED and Opinion Filed August 8, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00241-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**TIMOTHY VARDEMAN, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81772-04**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lewis
Opinion by Justice FitzGerald

The State appeals the trial court's determination to grant appellee's application for writ of

habeas corpus based on collateral estoppel. In two issues, the State contends collateral estoppel

does not bar prosecution of appellee for indecency with a child and the trial court erred in

granting appellee's motion to suppress a videotaped statement. We reverse and remand.

### BACKGROUND

Appellee was charged with three counts of aggravated sexual assault and two counts of

indecency with a child. All of the alleged offenses involved the same complainant. A jury

convicted appellee of one count of indecency with a child and acquitted him of the other four

charges. The jury assessed punishment at five years' imprisonment and a $5,000 fine. This

Court reversed the conviction and remanded the case on the ground the trial court failed to

instruct the jury properly regarding the voluntariness of appellee's videotaped statement to police. *See Vardeman v. State*, No. 05-06-01253-CR, 2008 WL 256765, at *6 (Tex. App.—Dallas Jan. 31, 2008, pet. ref'd) (not designated for publication).

On remand, appellee filed an application for writ of habeas corpus asserting he could not be retried on the remaining indecency charge because it would constitute double jeopardy. The trial court granted the writ. On appeal, this Court reversed and remanded the decision. *See Vardeman v. State*, No. 05-10-00539-CR, 2011 WL 5966371, at *3 (Tex. App.—Dallas Nov. 30, 2011, no pet.) (not designated for publication). On April 15, 2010, the trial court conducted a hearing on appellee's motion to suppress appellee's videotaped statement. The trial court orally granted the motion, but did not reduce its ruling to writing until August 18, 2010, during the pendency of the second appeal.

On second remand, appellee filed a second application for writ of habeas corpus contending collateral estoppel would bar a retrial of the remaining indecency charge. During the hearing on appellee's application, the State requested the trial court reconsider its ruling on the motion to suppress. The trial court granted the application and denied reconsideration of its ruling on the motion to suppress. This appeal ensued.

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *See id.* We afford almost total

deference to the trial court's determination of the historical facts that the record supports. *See id.*

We likewise defer to the trial court's application of the law to the facts, if the resolution of the

ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of

the ultimate question turns on an application of legal standards, we review the determination de

novo. *See id.*

## COLLATERAL ESTOPPEL

In its first issue, the State contends the trial court erred in granting appellee's writ

application on the ground further prosecution is barred by collateral estoppel. The doctrine of

collateral estoppel arises from the Fifth Amendment's bar against double jeopardy. *Ex parte*

*Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). The doctrine operates to prevent the State

from contesting in any subsequent proceedings any discrete fact the jury necessarily determined

in a criminal defendant's favor. *Id*. at 268. To determine whether collateral estoppel applies to

a subsequent prosecution, courts use a two-step analysis: (1) determining exactly what facts were

necessarily decided in the first proceeding; and (2) whether those necessarily decided facts

constitute essential elements of the offense in the second trial. *Ex parte Taylor*, 101 S.W.3d 434,

440 (Tex. Crim. App. 2002). To determine whether a jury necessarily found a fact in a

defendant's favor and the scope of the findings regarding specific historical facts that may not be

relitigated in a second criminal trial, a reviewing court must consider with realism and rationality

the entire trial record, the pleadings, the charge, and the arguments of counsel. *Taylor*, 101

S.W.3d at 441–42; *Watkins*, 73 S.W.3d at 268–69. Collateral estoppel applies only to cases

where the legal and factual situations are identical and it may apply to a phase, issue of fact, or

congeries of fact. *Taylor*, 101 S.W.3d at 441. A party may not avoid application of the doctrine

simply by advancing new or different evidence on an issue already litigated between the parties.

*Id*. "A general verdict returned in the guilt phase of a criminal trial frequently makes it difficult

to determine precisely which historical facts a jury found to support an acquittal." *Watkins*, 73 S.W.3d at 269.

The State contends that because this Court reversed appellee's conviction for error in the jury charge, collateral estoppel should not bar retrial of the case. The State points out it actually prevailed at trial on the issue of whether appellee committed the indecency offense and therefore the jury could not have necessarily decided the essential facts of the offense against the State. According to the State, the jury heard evidence that appellee both contacted and penetrated the complainant's sexual organ. It chose to believe one of those types of offenses occurred but not the other. Thus, there is no basis for applying collateral estoppel to this case.

Appellee responds that the complainant's testimony, describing three different incidents in which she had sexual contact with appellee, only covers acts that would constitute aggravated sexual assault rather than indecency with a child. According to appellee, the only evidence of indecency with a child came from appellee's now suppressed videotaped statement. Because the jury acquitted appellee of the more serious offenses described by the complainant, appellee contends collateral estoppel should bar the State from prosecuting appellee again because the second trial would require the State to change its theory of the case and present new evidence.

In acquitting appellee of aggravated sexual assault as charged, the jury necessarily decided appellee did not penetrate the complainant's sexual organ or cause contact between either person's mouth and the other's sexual organ. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 896, § 1, 2003 Tex. Gen. Laws 2721, 2722 (amended) (current version at TEX. PENAL CODE ANN. § 22.021(a) (West Supp. 2012)). In convicting him of the offense of indecency with a child as charged in the indictment, it necessarily decided that appellee did cause contact between his hand and the complainant's sexual organ. *See* Act of May 23, 2001, 77th Leg., R.S., ch. 739, § 2, 2001 Tex. Gen. Laws 1463 (amended 2009) (current version at TEX. PENAL CODE ANN. §

–4–

21.11(a)(1), (c)(1) (West 2011)). Because essential elements in an aggravated sexual assault as charged—penetration or mouth contact—would not be an issue in the second trial, and the evidence would focus on whether there was contact by hand, the legal and factual situations are not identical and collateral estoppel does not bar the claim. *See Taylor*, 101 S.W.3d at 441.

We further disagree with appellee's position that the evidence the State submitted addressed only the aggravated sexual assault charges. The remaining indecency indictment count accused appellee of touching the complainant's genitals with appellee's hand. The complainant was nine years old at the time of trial. The complainant testified about three separate incidents of sexual contact with appellee. The complainant testified appellee touched her "private" with his hands, "ran his fingers around [her] private," and the touching took place on the outside of her body except for one time when he touched her on the inside with his finger. Even excluding appellee's videotaped statement, the jury heard sufficient evidence from the complainant to find appellee guilty of the indecency offense if it found her testimony credible. We sustain the State's first issue.

### RECONSIDERATION OF THE TRIAL COURT'S RULING ON THE MOTION TO SUPPRESS

In its second issue, the State contends the trial court erred in granting appellee's motion to suppress his videotaped statement to police. The State contends appellee was not in custody at the time he gave the statement and, therefore, the officers conducting the interview were not obligated to advise him of his constitutional rights before questioning him. Although the order at issued was signed in 2010, the State contends its appeal is timely because the trial court lacked jurisdiction to enter the order while this case was on appeal. The State contends the order was void until the trial court adopted it when it denied the State's motion for reconsideration of the suppression ruling by pointing out that it had entered an order in 2010. Thus, the State asserts, the order "became active" on January 29, 2013 during the habeas hearing.

–5–

Appellee responds that the State's attempt to appeal the trial court's 2010 order is untimely and the State has no right to appeal a refusal to reconsider a ruling on an interlocutory appeal. Appellee further responds that the State waived review by not acting on this Court's order inviting further briefing on the suppression issue during the second appeal and the State failed to address all possible bases for the trial court's ruling. Finally, appellee contends the trial court did not abuse its discretion in ruling to suppress the statement either because the officers failed to advise him of his rights before conducting a custodial investigation or because the statement was involuntary.

We agree with appellee that the suppression ruling is not properly before the Court. The State has a right to appeal, within twenty days of its issuance, an order granting a motion to suppress evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5), (d) (West Supp. 2012). In 2010, as part of the second appellate proceeding, the State filed a notice of appeal to contest the trial court's suppression ruling but, after the trial court entered its written order, the State did not pursue the suppression issue. The State now seeks to use the appeal of appellee's habeas proceeding to bootstrap an appeal on the suppression issue that it would otherwise not be entitled to pursue. *See State v. Cowsert*, 207 S.W.3d 347, 350–51 (Tex. Crim. App. 2006) (concluding State could not circumvent statutory time limit for appealing a suppression ruling by appealing from denial of motion for reconsideration of unfavorable ruling on motion to suppress).

We are not persuaded by the State's theory that the trial court's written order was void when issued and subsequently was adopted by the trial court during the 2013 writ hearing. In a direct appeal from a final judgment, the filing of the appellate record suspends the trial court's jurisdiction until the appellate court issues its mandate. *See* TEX. R. APP. P. 25.2(g); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). In contrast, during an interlocutory appeal of a pretrial ruling, such as the current case, the trial court retains jurisdiction to enter orders

germane to the case. *See Peters v. State*, 651 S.W.2d 31, 33 (Tex. App.—Dallas 1983, pet. dism'd) (pending appeal of pretrial writ of habeas corpus does not suspend the trial court's authority to proceed with the merits of the case); *In re State*, 50 S.W.3d 100, 102 (Tex. App.—El Paso 2001, no pet.) (concluding the suspension of trial court jurisdiction upon the filing of the appellate record applies only to appeals from final judgments). Thus, the trial court had jurisdiction to enter its written order granting the motion to suppress. We conclude the State's appeal of the suppression ruling is untimely. *See Cowsert*, 207 S.W.3d at 350–51.

As the State notes in its brief, the trial court's ruling on the motion to suppress is interlocutory and may be reconsidered at any time before or during trial. *See Lackey v. State*, 364 S.W.3d 837, 845 (Tex. Crim. App. 2012). At this point in the proceedings, the State's avenue of remedy still lies with the trial court rather than with this Court. We overrule the State's second issue.

We reverse the trial court's order granting appellee's application for writ of habeas corpus based on collateral estoppel and remand this case to the trial court for proceedings consistent with this opinion.

Do Not Publish
TEX. R. APP. P. 47
130241F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00241-CR     V.

TIMOTHY VARDEMAN, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-81772-04.
Opinion delivered by Justice FitzGerald.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the order of the trial court granting appellant's application for writ of habeas corpus based on collateral estoppel is **REVERSED** and the cause **REMANDED** for further proceedings.


Judgment entered August 8, 2013


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE