

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00019-CR

———————————————————

LUIS E. CLASS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1507196D

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

A jury convicted Appellant Luis E. Class of two counts of the offense of sexual assault of a child under seventeen years of age and one count of indecency with a child by contact. *See* Tex. Penal Code Ann. §§ 21.11(a)(2), 22.011(a)(2). The jury assessed Appellant's punishment at twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice on the sexual-assault counts and at five years' confinement on the indecency count. The trial court entered judgment in accordance with the verdicts and ordered that the sentences would run concurrently.

Appellant raises two issues on appeal. In his first issue, Appellant contends that the trial court lost jurisdiction to proceed to trial while a prior appeal that he had filed remained pending in this court. We dismissed the prior appeal because we did not have the jurisdiction to hear it. *See Class v. State*, No. 02-19-00464-CR, 2020 WL 579108, at *1 (Tex. App.—Fort Worth Feb. 6, 2020, no pet.) (per curiam) (mem. op., not designated for publication). The application of a host of principles establishes that the trial court did not lose jurisdiction to proceed to trial, even though we had not yet dismissed the prior appeal at the time that the trial occurred. In his second issue, Appellant asserts that the trial court deprived him of the right to confrontation by not permitting him to cross-examine his wife on her use of his social security disability benefits while he was in jail awaiting trial. Appellant failed to articulate to

the trial court that its refusal to permit the cross-examination was allegedly a violation of the Confrontation Clause. Appellant has thus failed to preserve the issue for our review.

## II. Analysis

### A. Appellant's first issue

#### 1. We set forth why we overrule Appellant's first issue.

The argument supporting Appellant's first issue is bereft of binding or even apposite authority. The many authorities that Appellant might have cited to us all demonstrate that Appellant's filing of an appeal over which we had no jurisdiction did not deprive the trial court of jurisdiction to proceed to trial.

#### 2. We outline the factual and procedural background of Appellant's first issue and his contentions raised in that issue.[1]

The prior appeal in this matter arose when Appellant filed three pro se motions in the trial court; the motions sought a bond reduction, a personal recognizance bond, and a speedy trial. At the time that the motions were filed, Appellant had appointed counsel. The trial court entered no written order ruling on any of the motions, though a magistrate apparently orally denied the bond-reduction motion. Appellant filed a pro se notice of appeal referencing these motions. Our opinion dismissing his prior appeal held that any appeal of the bond-reduction and personal-recognizance

---

[1]This opinion does not include a detailed recitation of the facts presented at trial because Appellant raises no issue challenging the sufficiency of the evidence to support his convictions.

3

motions was moot because Appellant had been tried, convicted, and sentenced on the charges brought against him. *See id.* With respect to the speedy-trial motion, we held that the issue of whether Appellant was denied a speedy trial is cognizable only in an appeal from a final judgment.[2] *See id.*

When called to trial in the interim between the filing of the appeal and our dismissal of it, Appellant's counsel filed a plea to the jurisdiction in the trial court. The plea motion stated, "Defendnat [sic] contends that this court is withourt [sic] jurisdiction to procedd [sic] to trial because of the pendenct [sic] of the notice of appeal on [sic] the court of appeals." The trial court denied the plea.

In the conclusory paragraphs contained in his present appellate brief, Appellant now challenges the denial of the plea to the jurisdiction by arguing "that until the appellate court determines that it is without jurisdiction[,] the trial court does not have jurisdiction, and therefore the trial court should take no action." Appellant tells us that he can find no Texas case holding "that a trial court is divested of jurisdiction when an appeal is filed." He then cites a fifty-year-old out-of-state opinion for a holding that is contrary to the argument that he is now making. *See Raimondi v. State*, 261 A.2d 40 (Md. Ct. Spec. App. 1970). He describes the case as holding that a "notice of appeal on a non[]appealable order would *not* divest the trial court of jurisdiction." *Id.* at 44 (emphasis added). As his argument continues, Appellant seems to challenge whether we correctly decided his prior appeal by making the

---

[2]Appellant raises no speedy-trial issue in this appeal.

4

conclusory—and indecipherable—argument that "this court should have found that it did have jurisdiction [over] the appeal since the failure to reduce the bond could reasonably have been construed as relief sought by the appeal."

### 3. We set forth the standard of review.

We apply a de novo standard of review to legal questions of whether a court has the jurisdiction to act. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *Camp v. State*, No. 06-12-00054-CR, 2012 WL 1569829, at *1 (Tex. App.—Texarkana May 3, 2012, pet. ref'd) (mem. op., not designated for publication) (relying on *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)).

### 4. We will not revisit our dismissal of Appellant's prior appeal for want of jurisdiction.

After we issued our prior opinion, Appellant did not challenge our determination that we lacked jurisdiction to hear his prior appeal by seeking review in the Texas Court of Criminal Appeals. Our determination that we lacked jurisdiction has become a binding determination under the law-of-the-case doctrine and, for the reason we will outline, was correct.

The doctrine of the law of the case applies to criminal appeals. *See Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) ("The 'law of the case' doctrine is as applicable to the appeals of criminal cases as it is to appeals of civil cases."). The basic principle of the law-of-the-case doctrine "requires that questions of law decided

on appeal to a court of last resort govern the case throughout its subsequent stages." *Shiloh Treatment Ctr., Inc. v. Ward*, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). "Where a losing party fails to avail itself of an appeal in the court of last resort but allows the case to be remanded for further proceedings, the points decided by the court of appeals will be regarded as the law of the case and will not be reexamined." *Id.* (citing *City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)); *see also State v. Swearingen*, 478 S.W.3d 716, 720 (Tex. Crim. App. 2015) ("According to [the law-of-the-case] doctrine, 'an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue.' Therefore, 'when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution.'" (footnotes omitted)). It is left to the discretion of the court to decide whether to apply the doctrine. *Shiloh Treatment Ctr.*, 608 S.W.3d at 341. Our prior determination that we lacked jurisdiction to hear Appellant's prior appeal falls well within the standards to make it the law of the case, and Appellant offers us no reasons why we should revisit it. Therefore, we will not do so.

Even if we were inclined to revisit the holding that we lacked jurisdiction to hear the prior appeal, that determination was correct. Appellant seems to hint that we have jurisdiction to hear an appeal from a motion to reduce bond. First, we have no jurisdiction to hear an interlocutory appeal unless there is specific statutory

6

authorization to do so. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).[3]

Second, the Court of Criminal Appeals has categorically stated that no authority exists for us to conduct an interlocutory review of an order denying a motion challenging excessive bail or denying bail. *Id.* ("There is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail."). The same is true of interlocutory review of an order denying a motion for a speedy trial; indeed, our prior opinion cited the authority establishing this proposition. *See Class*, 2020 WL 579108, at *1 (citing *Mendoza v. State*, No. 06-17-00121-CR, 2017 WL 3908216, at *2 (Tex. App.—Texarkana Aug. 9, 2017, pet. ref'd) (mem. op., not designated for publication)); *see also Anthony v. State*, No. 01-19-00941-CR, 2020 WL 1144670, at *1 (Tex. App.—Houston [1st Dist.] Mar. 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication) ("However, an order denying [a motion to dismiss based on an alleged violation of right to speedy

---

[3]To amplify on how our jurisdiction in criminal cases is circumscribed, we set forth the following:

> Article 44.02 of the Code of Criminal Procedure provides, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals therefore do not have jurisdiction to review interlocutory orders unless that jurisdiction has been otherwise expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).

*Ex parte Evans*, 611 S.W.3d 86, 87 (Tex. App.—Waco 2020, no pet.).

trial] is not reviewable by interlocutory appeal."). Thus, Appellant cannot credibly argue that we had jurisdiction to review the subject matter of the prior appeal.

### 5. Even if Appellant had challenged the denial of bail by habeas, that would not have deprived the trial court of jurisdiction to proceed to trial.

If Appellant is arguing that his bond-reduction motion was a habeas proceeding, we generally have jurisdiction to review an order denying relief on an application for writ of habeas corpus challenging the denial of bond reduction. *See Ward v. State*, Nos. 02-21-00005-CR, 02-21-00006-CR, 02-21-00007-CR, 2021 WL 1134414, at *1 (Tex. App.—Fort Worth Mar. 25, 2021, no pet. h.) (per curiam) (mem. op., not designated for publication) ("The proper method for challenging the denial or excessiveness of bail, whether prior to trial or after conviction, is by habeas corpus." (quoting *Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978))). *See generally* Tex. R. App. P. 31.1. In our prior opinion, we treated Appellant's document seeking a reduction in bail as a motion even though he titled it an "Application for Writ of Habeas Corpus." *See Class*, 2020 WL 579108, at *1. Even if we had considered the document as an application for a writ of habeas corpus, we still would not have had jurisdiction to hear the appeal without a written order denying the application, which Appellant did not obtain. But no matter this failing, the appeal of a habeas does not deprive the trial court of the jurisdiction to proceed to trial.

Our prior opinion recites that Appellant never obtained a written order on his bond-reduction motion and, at most, obtained an oral denial of the request by a

magistrate. *See id.* Without a written order, we would lack jurisdiction to hear the appeal even if Appellant had filed a habeas. *See Ex parte Darnell*, Nos. 02-19-00390-CR, 02-19-00391-CR, 2020 WL 5949928, at *2 (Tex. App.—Fort Worth Oct. 8, 2020, pet. ref'd) (mem. op., not designated for publication) ("In the absence of a signed, written order, we held that we lacked jurisdiction to consider Darnell's appeal of the bond-reduction habeas."). Thus, whether the bond-reduction request was a habeas or not, the appeal of the motion's denial would not support Appellant's claim in the present appeal that the trial court lacked jurisdiction to conduct a trial of the underlying criminal case.

But even if we had treated Appellant's bond-reduction motion as a habeas and even if he had obtained an order that we could review, the trial court would not have lost jurisdiction to proceed to trial while the habeas appeal was pending. Simply, a pretrial habeas proceeding and an underlying criminal prosecution proceeding are independent proceedings. *In re Poulis*, No. 03-20-00142-CV, 2020 WL 4726758, at *1 (Tex. App.—Austin Aug. 12, 2020, orig. proceeding) (mem. op.). "Thus, because the pretrial habeas proceeding is a separate criminal action, the trial proceedings in the prosecution of the indicted offenses were not suspended by the pending appeal in the habeas proceeding." *Id.*; *see also In re Victorick*, No. 09-13-00550-CR, 2013 WL 6885130, at *2 (Tex. App.—Beaumont Dec. 30, 2013, orig. proceeding) (per curiam) (mem. op., not designated for publication) (holding that habeas corpus proceeding is appealable because it is independent of underlying criminal case but stating that

9

"[h]aving the right to an appeal and having a right to prohibit the trial court from proceeding with the trial before the appeal is decided are two different things"); *cf. Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (stating that because a habeas is a separate criminal proceeding, "the denial of [habeas] relief marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal").

### 6. Because the record was never filed in the prior appeal, the Rules of Appellate Procedure did not prohibit the trial court from proceeding to trial.

The Texas Rules of Appellate Procedure draw a specific demarcation in a criminal case regarding when the trial court may no longer act after an appeal has been filed. Appellant never reached that demarcation in his prior appeal. Specifically, Texas Rule of Appellate Procedure 25.2(g) provides as follows: "*Once the record has been filed in the appellate court*, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2(g) (emphasis added); *see also Stuard v. State*, Nos. 01-09-00006-CR, 01-09-00007-CR, 2010 WL 2025762, at *4 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op., not designated for publication) (stating that "in criminal cases, the mere filing of the notice of appeal is not what divests the trial court of jurisdiction: rather, it is the filing of the appellate record that does so"); *Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding that filing of notice of appeal did not deprive trial court of

10

jurisdiction when appellate record had not yet been filed). We take judicial notice of the filings in the prior appeal and note that the record was never filed in that appeal. Thus, the prohibition of Rule 25.2(g) on further proceedings by the trial court was never triggered.

7.    **A number of Texas cases hold that an interlocutory appeal in a criminal case does not deprive the trial court of the ability to proceed with trial.**

A line of Texas authority holds that the trial court does not lose its authority to proceed to trial simply because an interlocutory appeal has been filed—no matter whether the record has been filed in the appeal. These cases hold that Rule 25.2(g)'s bar on further proceeding by the trial court applies only to appeals from final judgments in criminal cases.

As long ago as 1983, the Dallas Court of Appeals held that then-Article 44.11 of the Code of Criminal Procedure (the predecessor of Rule 25.2(g)) did not deprive the trial court of jurisdiction in a criminal case even if the record had been filed in the appeal of an interlocutory proceeding. *See Peters v. State*, 651 S.W.2d 31 (Tex. App.— Dallas 1983, pet. dism'd, improvidently granted). *Peters* dealt with a habeas but concluded that it was contrary to the "evident legislative intent" to permit the filing of a matter such as a habeas to be used as a tool to delay the trial of a criminal case. *Id.* at 33. *Peters* also concluded that its holding was "consistent with the general principle

11

that an appeal from a preliminary order does not suspend the trial court's power to proceed on the merits." *Id.*

The El Paso Court of Appeals relied on *Peters* to hold that the text of Rule 25.2(e)—the predecessor to Rule 25.2(g) in the Texas Rules of Appellate Procedure— "[did] not apply to interlocutory appeals where no final judgment ha[d] been entered." *In re State*, 50 S.W.3d 100, 102 (Tex. App.—El Paso 2001, orig. proceeding). *State* drew support for its holding from *Peters* and the appellate rule addressing interlocutory appeals in civil cases that provides that the trial court retains jurisdiction of a case while an interlocutory appeal is pending. *Id.* (citing Tex. R. App. P. 29.5). *State* noted that in the civil context, "a trial court retains jurisdiction of a case during an interlocutory appeal and may even proceed to trial on the merits of that case during such appeal." *Id.* at 103. "Although there is no analogous rule governing interlocutory criminal appeals, [*State* held that] there is the 'general principle that an appeal from a preliminary order does not suspend the trial court's power to proceed on the merits.'" *Id.* (quoting *Peters*, 651 S.W.2d at 33).

The El Paso Court of Appeals reiterated its holding from *State* in *Ex parte Macias* (*Macias I*), No. 08-15-00013-CR, 2016 WL 7228898, at *3–4 (Tex. App.—El Paso Dec. 14, 2016) (not designated for publication), *rev'd*, 541 S.W.3d 782 (Tex. Crim. App. 2017) (*Macias II*).[4]  Looking to the rationales in *Peters* and *State*, *Macias I*

---

[4]The Court of Criminal Appeals reversed *Macias I*.  *See Macias II*, 541 S.W.3d at 786.  *Macias II* involved an appeal by the State pursuant to Texas Code of Criminal

12

held that "pending an interlocutory appeal, the trial court retains jurisdiction over the case, even as to conducting a final hearing on the merits." *Id.* at *6. *Macias I* noted that the Fourteenth Court of Appeals had also followed *State* and had held that Rule 25.2(g) "has not been interpreted to apply to interlocutory appeals." *Id.* (citing *Ex parte Lucas*, No. 14-12-00289-CR, 2013 WL 817264, at *5 (Tex. App.—Houston [14th Dist.] Mar. 5, 2013, no pet.) (mem. op., not designated for publication)).

The line of authority discussed establishes the general position that the filing of an interlocutory appeal in a criminal case does not deprive the trial court of the jurisdiction to proceed to trial. Thus, even if Appellant's prior appeal were viable, it did not deprive the trial court of jurisdiction to proceed to trial.

### 8. The attempted appeal of a unappealable interlocutory order does not deprive the trial court of jurisdiction.

Even if we acknowledged that a viable appeal of an interlocutory order might deprive the trial court of jurisdiction to proceed to trial, the question would remain regarding the effect of an appeal of an interlocutory order when an appellate court lacks jurisdiction to hear that appeal. Though we have found no Texas case clearly on

---

Procedure Article 44.01. *Id.* at 785–86. That article provides that "[t]he [S]tate is entitled to a stay in the proceedings pending the disposition of an appeal." *See* Tex. Code Crim. Proc. Ann. art. 44.01(e). The Court of Criminal Appeals relied on one of its prior opinions to hold that Article 44.01 in combination with Rule 25.2(g) established that the trial court lacked jurisdiction to proceed after the State had filed an appeal. *Macias II*, 541 S.W.3d at 786 (citing *State v. Robinson*, 498 S.W.3d 914, 921 (Tex. Crim. App. 2016)). The Court of Criminal Appeals in *Macias II* did not address whether any appeal of an interlocutory order would deprive the trial court of jurisdiction.

point, we note the holding of opinions from other jurisdictions that if an appellate court's jurisdiction is never invoked because it lacks the jurisdiction to hear an interlocutory appeal, then the trial court is not deprived of jurisdiction to proceed to trial.

We have already noted the principle that our jurisdiction exists only to hear an appeal if the constitution or a statute gives us that power and have explained why we had no jurisdiction to hear Appellant's prior appeal. *See Ragston*, 424 S.W.3d at 52. The Court of Appeals of Virginia held that jurisdiction is not transferred from the trial court to an appellate court if the appellate court lacks jurisdiction to hear the appeal of an interlocutory order. *See Reaves v. Tucker*, 800 S.E.2d 188, 193 (Va. Ct. App. 2017). *Reaves* noted that if the rule were otherwise, it would "deliver into the hands of each litigant the ability to freeze matters in the [trial] court simply by filing a notice of appeal, no matter how frivolous." *Id.* at 194 (citing *Gucci Am. v. Gold Ctr. Jewelry*, 997 F. Supp. 399, 402 (S.D.N.Y. 1998), *rev'd in part on other grounds*, 158 F.3d 631 (2d Cir. 1998)). Obviously, an appellate court has jurisdiction to decide the preliminary question of whether it has jurisdiction, and a trial court might be wise to stay any trial until the appellate court makes its jurisdictional determination. *Id.* at 193–94. The trial court takes the risk of proceeding to trial during the interim while the appellate court decides whether it has jurisdiction. *Id.* at 193. But if the appellate court eventually decides that it lacks jurisdiction, no error has occurred should the trial court

14

decide to exercise the jurisdiction it retained and to proceed to trial during that interim. *Id.* at 193–94.

*Reaves* cited a host of cases from other jurisdictions that held as it did—that the appeal of an unappealable interlocutory order does not deprive the trial court of jurisdiction:

> Our conclusion is consistent with other jurisdictions that have addressed this issue. *See, e.g.*, *In re Grand Jury Proceedings*, 795 F.2d 226, 231 (1st Cir. 1986) ("While the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal, an untimely, impermissible[,] or frivolous appeal does not vest jurisdiction in the court of appeals." (internal citation and quotation marks omitted)); *Yaeger v. Vance*, 20 Ariz. App. 399, 513 P.2d 688, 690 (1973) ("Since the order attempted to be appealed from was not appealable, the trial court did not err by continuing with its jurisdiction. . . ."); *Illinois v. Benda*, 124 Ill.App.3d 950, 80 Ill.Dec. 285, 464 N.E.2d 1268, 1271 (1984) (adopting the reasoning of "[s]everal Federal appellate court opinions [that] have concluded that an appeal from a nonappealable order does not deprive the trial court of jurisdiction"); *Breuer v. Flynn*, 64 Md. App. 409, 496 A.2d 695, 700 (1985) ("[Where] nonappealable interlocutory orders were appealed to [appellate] court, the [trial] court was not divested of its jurisdiction to proceed with the trial of the case and resolve the issues before it."); *Montana ex rel. Adamson v. District Court*, 128 Mont. 538, 279 P.2d 691, 694 (1955) (reasoning that where there is no statutory support for the filing of a notice of appeal, "the lower court and its judge did not thereby lose jurisdiction. Nor thereby did [the appellate c]ourt acquire jurisdiction."); *New Mexico v. Lobato*, 139 N.M. 431, 134 P.3d 122, 129 (N.M. Ct. App. 2006) ("Where a non[appealable] order is improperly appealed, the trial court is not divested of jurisdiction."); *Dalenko v. Peden Gen. Contrs., Inc.*, 197 N.C. App. 115, 676 S.E.2d 625, 630 (2009) ("[A] trial court is not divested of its jurisdiction to determine a case on its merits where the litigant appeals a non-appealable interlocutory order. In such instances, the trial court is not required to stay the proceedings . . . ." (citation omitted)).

*Id.* at 194.

15

We too have the jurisdiction to make the primary determination regarding whether we have jurisdiction over an appeal. *See In re Brown*, 614 S.W.3d 712, 722 (Tex. 2020) (orig. proceeding); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). But if we determine that a party is attempting to appeal an order that we were not given the jurisdiction to review, we agree with *Reaves* that the trial court has not lost jurisdiction to proceed to trial. *See, e.g., Schultz v. Fifth Judicial Dist. Court of Appeals at Dall.*, 810 S.W.2d 738, 740 n.6 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (orig. proceeding) ("If the order was not appealable, then jurisdiction never attached in the appellate court[,] and the trial court never lost jurisdiction to enforce its interlocutory order."); *cf. Ex parte Waggoner*, 61 S.W.3d 429, 432 (Tex. Crim. App. 2001) (holding when juvenile court never waived jurisdiction over applicant or certified him as an adult, the district court never acquired jurisdiction over him). We have no idea why Appellant filed his prior appeal in this matter, but he attempted to use that appeal in exactly the way that *Reaves* warned of; he attempted to use an appeal over which we clearly lacked appellate jurisdiction to delay his trial. Thus, relying on both the practical consequences of permitting a frivolous appeal to thwart the administration of justice and the theoretical impossibility of a jurisdictional transfer occurring when the recipient has no power to receive it, we hold that Appellant's prior attempted appeal did not deprive the trial court of jurisdiction to proceed to trial.

We have inventoried the host of reasons why Appellant's prior interlocutory appeal that we had no jurisdiction to hear did not deprive the trial court of jurisdiction to proceed to trial. Accordingly, we overrule Appellant's first issue.[5]

## B. Appellant's second issue[6]

In his second issue, Appellant contends that the trial court violated his rights under the Sixth Amendment to the United States Constitution by refusing to permit the cross-examination of his wife, who was also the complainant's mother, about her use and management of Appellant's social security disability benefits. He claimed that the line of questioning was relevant to whether she held a bias. Appellant did not clearly articulate a constitutional basis for his objection to the trial court's refusal to permit the line of questioning and has failed to preserve the issue for our review.

During his initial cross-examination of Appellant's wife, Appellant's counsel broached the topic of whether Appellant was receiving social security disability

---

[5]The State argues that Appellant was represented by counsel when he filed his pro se notice of appeal, and therefore that notice was a nullity because hybrid representation is prohibited in Texas. We do not reach this question.

[6]The argument under Appellant's second issue begins by claiming that the trial court prevented him from "questioning the complainant about 1) her reputation as a drug dealer, 2) her deferred[-]adjudication probation status, and 3) her retention of a lawyer to pursue a civil claim against the apartment complex where the robbery took place." Appellant solicited no testimony on these topics during his offer of proof and did not make an offer of proof through the complainant. As the State points out, a claim that the trial court restricted the scope of Appellant's cross-examination of the complainant was apparently included as the result of a typographical error in Appellant's brief. We therefore do not address this further.

17

benefits.  When the State objected to that line of questioning, Appellant's counsel

offered the following justification for the line of questioning:

> [Appellant's Counsel]:  I don't know if this is covered under the Court's ruling or not, but they had [a] tax lien together that after -- I believe after they were married they were able to take care of and make payments on. I was just going to ask her a very few questions about that.

> THE COURT:  How is that relevant?

> [Appellant's Counsel]:  Well, I think . . . for two reasons.  I think, one, I think that [the] main reason is the second part that I'm going to go into -- I guess I'll go ahead and bring it up right now -- is since [Appellant] has been in jail -- I'll go back.

> [Appellant's wife] is the representative payee of [Appellant], who has been in jail since 2017.  Under the requirements of a representative payee, that money is to be used for the benefit of the recipient, the disabled person, [Appellant], and I want to ask her questions about whether or not that has occurred.

> THE COURT:  And what does that go to prove?

> [Appellant's Counsel]:  Well, . . . in a way, first of all, it's misconduct on her part because the law requires those funds to be used for the benefit of [Appellant].

> Second, it shows . . . that [the] family has received economic benefit from him being in custody.

> THE COURT:  I'm not going to permit that before the jury.  I'll let you make a bill when we take a break.

The next day, the trial court permitted Appellant to make an offer of proof on

the issue, and Appellant's counsel elicited detailed testimony outside the jury's

presence about the nature of Appellant's social security disability benefits, the

payment of the benefits by the Social Security Administration to the witness, the use

of the benefits, and the records kept of their use. After the testimony was placed on the record during the offer, the trial court once again solicited Appellant's counsel's "position" regarding the proffer. In response to the trial court's inquiry, Appellant's counsel offered the following grounds for the admission of the testimony:

> Your Honor, we believe that this testimony is relevant. It has demonstrated, in effect, bias of the witness. This money that is entrusted to her by the Social Security Administration has not been spent for the benefit of [Appellant]. And I asked her for the accounting records because she's required under law to keep them and, apparently, they don't exist, other than in the form of some checking or banking accounts. And so we believe it's relevant for the jury to consider what has occurred here, that this $30,000 that was supposed to be used for the benefit of [Appellant] has not been used for his benefit and has caused harm to him and caused him to have to remain in custody for the last two-and-a-half years because of that. And we believe it's relevant for those reasons.

As the quotations from the record demonstrate, at no point did Appellant's counsel state that Appellant was being deprived of his right to confrontation, mention the Sixth Amendment, or articulate that his objection had a constitutional component.

We cannot skip past the possible failure of Appellant to preserve his Confrontation Clause issue. First, the State raises the argument that Appellant failed to preserve the issue. Further, it is our duty as an intermediate appellate court to independently review error preservation and "to ensure that a claim is properly preserved in the trial court before we address its merits." *Estrada v. State*, No. 02-19-00187-CR, 2021 WL 386964, at *2 (Tex. App.—Fort Worth Feb. 4, 2021, pet. filed)

19

(mem. op., not designated for publication) (citing *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016)).

Recent precedent from the Texas Court of Criminal Appeals establishes that Appellant has failed to preserve his claim that he was deprived of the right to confrontation. The Court of Criminal Appeals is explicit that a trial objection must alert the trial court to a claim that the Confrontation Clause supports the admission of the proffered evidence and that a party cannot "bootstrap a constitutional issue from the most innocuous trial objection." *Golliday v. State*, 560 S.W.3d 664, 669 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012)).

*Golliday* applied the Court of Criminal Appeals' prior holdings to require that a party state an objection with sufficient specificity that the trial court is aware that exclusion of the evidence violates a constitutional principle, such as the denial of the right to confrontation:

> As discussed above, *Reyna* [*v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)] confirms the rule that in order to preserve an argument that the exclusion of defensive evidence violates constitutional principles, a defendant must state the grounds for the ruling that he seeks with sufficient specificity to make the court aware of [] these grounds. That did not happen in this case. When Appellant was making his offer of proof, the exchange between the parties and the trial court contained dialogue about hearsay and relevance. Appellant apparently sought to admit the testimony on relevancy grounds, but he never raised a constitutional argument for admitting the evidence. Appellant did not cite to any constitutional provisions or to any cases involving the Confrontation Clause. One lesson from *Reyna* is that general arguments about hearsay do not put the trial judge on notice that Appellant is making a constitutional argument, let alone a Confrontation Clause argument. In line with that principle, we find here that a general appeal

20

to a proffer's relevance, or a broad expression that the jury needs to "get the whole picture of the situation," does not adequately articulate a constitutional basis sufficient to preserve the argument for appellate review.

*Id.* at 670–71 (footnotes omitted). An objection should meet the purpose of giving the trial judge or the opposing party an opportunity to correct the error or to remove the basis for the objection; when a party does "'not clearly articulate' that the Confrontation Clause demand[s] admission of the evidence, the trial judge 'never had the opportunity to rule upon' this rationale." *Reyna*, 168 S.W.3d at 179.

The Dallas Court of Appeals recently applied *Reyna*'s and *Golliday*'s holdings to an objection phrased similarly to the one Appellant relies on. *See Ahmed v. State*, No. 05-19-00940-CR, 2020 WL 4499865, at *2 (Tex. App.—Dallas Aug. 5, 2020, no pet.) (mem. op., not designated for publication). In *Ahmed*, the appellant argued to the trial court that the cross-examination questions that he sought to ask showed a witness's bias but then argued on appeal that he was deprived of the right to confrontation. *Id.* The Dallas court concluded that the party waived a constitutional complaint when the objection made to the trial court was based on bias and a lack of credibility. *Id.*

The grounds that Appellant's counsel offered to the trial court as the basis to have the jury hear about the witness's use of Appellant's social security benefits were that they showed bias and that the evidence was relevant. As we have noted, counsel never mentioned the Confrontation Clause or the Sixth Amendment or stated that the

21

objection had a constitutional dimension. The nebulous nature of the objection never alerted the trial court to the claim that Appellant now makes—that he was allegedly being deprived of his right to confrontation. Neither the trial court nor the State was given the opportunity to address the objection in the context that Appellant now presents. We conclude that Appellant has failed to preserve his Sixth Amendment claim for our review.

We overrule Appellant's second issue.

### III. Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 29, 2021