

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0480-17

### Ex parte HECTOR MACIAS, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**KELLER, P.J., delivered the opinion of a unanimous Court.**

The trial court granted a motion to suppress evidence, and the State appealed. After the court

of appeals handed down its opinion on the State's appeal, but before mandate issued, a trial occurred.

The trial was terminated by the trial court when the State discovered that the appellate mandate had

not yet issued. The question before us is: Did the trial court have jurisdiction to conduct the trial?

We answer that question "no," because the appellate mandate had not yet issued. We reverse the

judgment of the court of appeals.

## I. BACKGROUND

Appellant was charged with committing family-violence assault. He filed a motion to

suppress, which the trial court granted. The State appealed and filed a motion to stay further trial

court proceedings, which the court of appeals granted. On October 16, 2013, the court of appeals handed down an opinion reversing the trial court.[1] The opinion made no explicit statement about the stay that the court of appeals had earlier granted.[2]

The trial court called the case for trial on January 16, 2014.[3] The jury was chosen and sworn, the parties presented their evidence, and the guilt-phase jury charge was read to the jury. At that point, a prosecutor in the appellate section of the district attorney's office approached the trial court with the information that the appellate mandate had not yet issued. Concluding that trial proceedings were a nullity and that it could not even declare a mistrial, the trial court dismissed the jury. The appellate mandate issued on January 30, 2014.

Appellant subsequently filed a pretrial habeas application, alleging that any future trial on the charged offense would violate double jeopardy. The trial court denied the application, and Appellant appealed.

The court of appeals determined that the question before it was whether jeopardy had attached to the trial proceedings that occurred.[4] The court concluded that, if it had, then, absent manifest necessity to terminate that trial, any future trial would violate Appellant's constitutional

---

[1] *See State v. Macias*, No. 08-12-00107-CR, 2013 Tex. App. LEXIS 12845 (Tex. App.—El Paso October 16, 2013, no pet.) (not designated for publication).

[2] *Id.* at *passim*.

[3] Neither party objected at the time to proceeding to trial in the absence of the appellate mandate.

[4] *Ex parte Macias*, No. 08-15-00013-CR, 2016 Tex. App. LEXIS 13236, *10-11 (Tex. App.—El Paso December 14, 2016) (not designated for publication).

right against double jeopardy.[5]   The court of appeals further decided that jeopardy had attached unless the trial court lacked jurisdiction to conduct the trial.[6]

The court of appeals concluded that, although Appellate Rule 25.2(g) appeared on its face to deprive the trial court of jurisdiction until the appellate mandate issues, that rule did not apply to interlocutory appeals.[7]   In arriving at this conclusion, the court of appeals relied on two other court of appeals cases: *Peters v. State*[8] and *In re the State of Texas.*[9]

The court of appeals further concluded that its appellate decision reversing the trial court necessarily lifted its earlier stay order, even though mandate had not yet issued.[10]   The court held that this conclusion was not defeated by Appellate Rule 18.6, under which the appellate court's judgment in an appeal from an interlocutory order takes effect when the mandate is issued.[11]   The court concluded that this rule did not apply here because the rule is titled "Mandate in Accelerated Appeals" and the State's appeal was a "priority appeal" rather than an "accelerated appeal."[12]   For the proposition that there was a distinction between these two types of appeals, the court of appeals

---

[5]  *Id.* at *10–11, 20-21.

[6]  *Id.* at *10-12.

[7]  *Id.* at *13-14.

[8]  651 S.W.2d 31 (Tex. App.—Dallas 1983, pet. dism'd as improv. granted).

[9]  50 S.W.3d 100 (Tex. App.—El Paso 2001).

[10]  *Macias*, 2016 Tex. App. LEXIS 13236, at *24-25 (concluding that the handed down decision constituted a "further order of this Court" that would terminate the stay in accordance with the language of the stay order).

[11]  *Id.*

[12]  *Id.*

relied on a rule applicable to civil cases.[13]

The court of appeals also concluded that manifest necessity to terminate the trial prematurely did not exist because the trial court did in fact have jurisdiction to try the case.[14]  Consequently, the court of appeals reversed the judgment of the trial court and remanded the case to it to grant relief on the habeas application and dismiss the indictment.[15]

## II. ANALYSIS

The Fifth Amendment protects a defendant against being placed twice in jeopardy for the same offense.[16] This protection is implicated only when jeopardy has attached.[17]  In a jury trial, jeopardy ordinarily attaches when the jury is empaneled and sworn.[18]  But jeopardy does not attach at that time if the trial court lacks jurisdiction over the case.[19]

---

[13]  *Id.* at *25 (citing TEX. R. APP. P. 40.1).

[14]  *Id.* at *20-24.

[15]  *Id.* at *25.

[16]  U.S. Const. Amend. V, cl. 2 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb").

[17]  *Serfass v. United States*, 420 U.S. 377, 388 (1975).

[18]  *Martinez v. Illinois*, 134 S. Ct. 2070, 2074 ("There are few if any rules of criminal procedure clearer than the rule that 'jeopardy attaches when the jury is empaneled and sworn.'"); *Serfass*, *supra* ("In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn.").

[19]  *Serfass*, 420 U.S. at 392 ("Both the history of the Double Jeopardy Clause and its terms demonstrate that it does not come into play until a proceeding begins before a trier 'having jurisdiction to try the question of the guilt or innocence of the accused.'"); *Kepner v. United States*, 195 U.S. 100, 129 (1904) (quoting *United States v. Ball*, 163 U.S. 662, 669 (1896) ("An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense."); *Hoang v. State*, 872 S.W.2d 694, 698 (Judgments were "void inasmuch as the trial court rendering judgment lacked jurisdiction of the person of appellant.  And it has long been the position of this Court that a void judgment of conviction does not bar a successive prosecution for the same

When the State appeals under Article 44.01(a) or (b)—which includes an appeal of the granting of a motion to suppress—the State "is entitled to a stay in the proceedings pending the disposition" of the appeal.[20]  And, under Rule of Appellate Procedure 25.2(g), once the appellate record is filed in the appellate court, "all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate court mandate."[21]  In *State v. Robinson*, we considered the interplay between these provisions and held that "the trial court is deprived of jurisdiction over the case during the pendency of" a State's appeal and that jurisdiction resumes in the trial court only after "the appellate court's . . . mandate issue[s]."[22]  Consequently, we hold that the trial court was correct in concluding that it lacked jurisdiction over the case because the appellate mandate had not yet issued.[23]  The court of appeals

---

offense under State or federal principles of double jeopardy.") (citation omitted).  *See also Martinez*, 134 S. Ct. at 2075 n.3 ("Some commentators have suggested that there may be limited exceptions to this rule—e.g. where the trial court lacks jurisdiction or where a defendant obtains an acquittal by fraud or corruption.").  Because jeopardy does not attach in the absence of jurisdiction, we need not conduct a manifest-necessity analysis, though the absence of jurisdiction would seem to create manifest necessity to grant a mistrial.  *See Illinois v. Somerville*, 410 U.S. 458 (1973).

[20]  TEX. CODE CRIM. PROC. art. 44.01(e).

[21]  TEX. R. APP. P. 25.2(g).

[22]  498 S.W.3d 914, 921 (Tex. Crim. App. 2016).

[23]  Appellant argues that the State should be estopped from challenging jurisdiction.  But, ordinarily, "estoppel does not apply when the trial court lacked jurisdiction."  *See Ex parte Heilman*, 456 S.W.3d 159, 167 (Tex. Crim. App. 2015).  Although only subject matter jurisdiction is categorically immune from estoppel, *Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012), demonstrating estoppel to challenge some other type of jurisdiction would seem to be an onerous task.  Given that *both* parties could easily have ascertained that the trial court lacked jurisdiction because mandate had not issued, Appellant does not present circumstances that would favor the application of estoppel despite the absence of jurisdiction.  Also, the State did not accept the benefit of having a trial—it challenged the trial court's jurisdiction before the trial was over.  *See Rhodes v. State*, 240 S.W.3d 882, 892 n.57 (Tex. Crim. App. 2007) (citing *Ex parte Williams*, 65

was incorrect in concluding otherwise.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered:     November 1, 2017

Publish

---

S.W.3d 656, 660 (Tex. Crim. App. 2001) (Keller, P.J., concurring) and saying parenthetically that "it could be persuasively argued that a defendant who appeals his conviction has not yet accepted the benefits of the illegal judgment"). *Cf. Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 1999) (anti-parties special issue omitted upon defense request and omission challenged on appeal from jury verdict that did not include answer to the special issue).