# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00104-CR

**Ex parte Eddie Thomas Chapa**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO. D-1-DC-16-301468, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Eddie Thomas Chapa appeals the trial court's denial of his pretrial application for writ of habeas corpus in which he sought to quash the indictment charging him with multiple child sexual abuse offenses. *See* Tex. Code Crim. Proc. arts. 11.01, 11.08. We affirm the trial court's order denying habeas relief.

## BACKGROUND

The indictment in this case contains nine counts—five counts of aggravated sexual assault of a child, *see* Tex. Penal Code § 22.021, two counts of indecency with a child by sexual contact, *see id.* § 21.11(a)(1), and two counts of indecency with a child by exposure, *see id.* § 21.11(a)(2)—that allege various sexual acts perpetrated against L.A.C., a child under the age of 14, on or about August 1, 2011.

Count One alleges that appellant intentionally and knowingly penetrated the sexual organ of L.A.C. with appellant's sexual organ. Count Two alleges that appellant intentionally and

knowingly contacted the sexual organ of L.A.C. with appellant's sexual organ. Count Three alleges that appellant intentionally and knowingly penetrated the mouth of L.A.C. with appellant's sexual organ. Count Four alleges that appellant intentionally and knowingly contacted the mouth of L.A.C. with appellant's sexual organ. Count Five alleges that appellant intentionally and knowingly penetrated the sexual organ of L.A.C. with appellant's finger. Count Six alleges that, with intent to arouse and gratify appellant's sexual desire, appellant touched the genitals of L.A.C. Count Seven alleges that, with intent to arouse and gratify appellant's sexual desire, appellant touched "any part of the body" of L.A.C. with appellant's genitals. Count Eight alleges that, with intent to arouse and gratify appellant's sexual desire, appellant exposed his genitals to L.A.C. Count Nine alleges that, with intent to arouse and gratify appellant's sexual desire, appellant caused L.A.C. to expose her genitals.

Subsequent to indictment, appellant filed a document entitled *Defendant's Motion to Quash the Indictment and Pre-trial Application for Writ of Habeas Corpus [Double Jeopardy]*. In the combination motion/application, appellant asserted that the indictment is "multiplicitous" and must be quashed and set aside because the multiple counts violate the Double Jeopardy Clause. Specifically, he contended that the offenses alleged in Counts Two, Four, Five, Six, Seven, and Eight are the "same offense" as the offense alleged in Count One because they are subsumed within that offense. He further contended that the offense alleged in Count Four is the "same offense" as the offense alleged in Count Three because it is subsumed within that offense.

The trial court conducted a hearing on appellant's combination motion/application. Appellant did not call any witnesses, offer any evidence (though he sought a stipulation from the

2

State), or present any argument to the court (beyond his motion/application). At the hearing, the following occurred:

| | |
|---|---|
| THE COURT: | State of Texas versus Eddie Thomas Chapa. Defendant's Motion to Quash the Indictment. Pretrial application for writ of habeas corpus. [Defense Counsel], you may proceed. |
| COUNSEL: | Thank you, Judge. Judge, I believe that the motion and application is self-explanatory and why we're raising it on jeopardy grounds. I would like the record to reflect, and I believe the [S]tate agrees with this, that if any offense alleged in the indictment occurred, that they occurred on exactly the same day.<br><br>In other words, if anything happened either orally, vaginally, or by digital penetration, it all occurred in the same incident. And I believe the state accepts that. And so -- |
| PROSECUTOR: | The [S]tate will stipulate to that. |
| COUNSEL: | And that date is alleged to be on or about the 1st day of August, 2011. And with that, that's all the argument we have, Judge. If you would accept that stipulation, Judge, then that's all we have. |
| THE COURT: | I accept the stipulation. After hearing your argument and reading the motion, your motion is denied. |

Appellant now appeals the denial of his pretrial application for writ of habeas corpus.[1]

---

[1] Although the trial court orally pronounced its ruling on the "motion" and subsequently signed a written order denying appellant's "motion," the order and the record of the hearing reflect the trial court's consideration of appellant's combined motion to quash the indictment and pretrial application for writ of habeas corpus. Thus, we construe the order denying the motion as a denial of appellant's application for writ of habeas corpus, which is an appealable order. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (when trial court has jurisdiction to issue writ of habeas corpus, denial of relief can be appealed).

**DISCUSSION**

In his sole point of error, appellant asserts that the trial court erred in denying his application for writ of habeas corpus and refusing to quash the indictment against him. He maintains that the "multiplicity" doctrine, grounded in the Double Jeopardy Clause, "bars the State from trying him repeatedly for the same alleged offense."[2]

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

On appeal, appellant contends that he "is entitled to habeas relief, in the form of the indictment being quashed, because the underlying alleged offense cannot be the basis of nine

---

[2] Appellant articulates his double jeopardy claim using the concept of "multiplicity," borrowed from federal prosecutions. In a federal prosecution, "[a]n indictment is multiplicitous if it charges a single offense in multiple counts, thus raising the potential for multiple punishment for the same offense, implicating the [F]ifth [A]mendment double jeopardy clause." *United States v. Reagan*, 596 F.3d 251, 253 (5th Cir. 2010) (quoting *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993)) (footnotes omitted). Appellant cites to no instance, and we are not aware of any, where the "multiplicity" doctrine has been applied at the pretrial stage in a state prosecution in Texas.

separate accusations, subjecting the Appellant to being tried nine times for the same offense, and possibly being punished nine times for a single offense." He argues in his brief that Counts One, Two, Six, Seven, Eight, and Nine charge appellant with "the same conduct," and that the offenses alleged in Counts Two, Six, Seven, Eight, and Nine are subsumed within the offense alleged in Count One.[3] Similarly, appellant argues that "the same is true" of Counts Three, Four, Seven, and Eight and that the offenses alleged in Counts Four, Seven, and Eight are subsumed within the offense alleged in Count Three.[4] Thus, according to appellant, Counts Two, Four, Six, Seven, Eight, and Nine are "multiplicitous and, therefore, violative of the Fifth Amendment [Double Jeopardy Clause]," and the indictment "should have been quashed." Appellant did not specifically articulate at the hearing, nor does he on appeal, which specific double jeopardy protection he asserts—the protection against multiple or successive prosecutions or the protection against multiple punishments—and he referenced both protections in his habeas application and his appellate brief. Also, in his brief, he mentions "trying [appellant] repeatedly" and "being tried nine times" as well as "possibly being punished nine times." However, a "multiplicity" claim is based on a multiple

---

[3] We observe that appellant references different counts in his argument on appeal than he did before the trial court below. In his habeas application, appellant argued that the offenses alleged in Counts Two, Four, Five, Six, Seven, and Eight are subsumed within the offense alleged in Count One. On appeal, he does not reference Counts Four and Five but now includes Count Nine as an offense subsumed by the Count One offense. This discrepancy does not impact our analysis.

[4] Again, we observe that appellant references different counts in his argument on appeal than he did below. In his habeas application, appellant argued that the offense alleged in Count Four is subsumed within the offense alleged in Count Three. On appeal, he now includes Counts Seven and Eight as offenses subsumed by the Count Three offense. Once again, this discrepancy does not impact our analysis.

punishments violation, so we construe appellant's assertion of a double jeopardy violation in his habeas application as a multiple punishments claim.

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see Ingram*, 533 S.W.3d 891–92; *Perry*, 483 S.W.3d at 895. Whether a claim is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd); *see, e.g.*, *Perry*, 483 S.W.3d at 895 (addressing cognizability of "as applied" challenge to constitutionality of statute); *Ex parte Doster*, 303 S.W.3d 720, 724–27 (Tex. Crim. App. 2010) (addressing cognizability of claim involving Interstate Agreement on Detainers Act); *Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006) (addressing cognizability of *in pari materia* claim). When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed. *Perry*, 483 S.W.3d at 895–96; *Weise*, 55 S.W.3d at 619.

The Double Jeopardy Clause of the Fifth Amendment prohibits a second prosecution for the same offense after the accused has already been convicted or acquitted of that crime and

forbids multiple punishments for the same offense in a single prosecution. U.S. Const. amend. V; *see Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016); *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015); *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Loving v. State*, 401 S.W.3d 642, 646 (Tex. Crim. App. 2013); *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013). Ordinarily, a double jeopardy claim is cognizable on a pretrial writ. *See Perry*, 483 S.W.3d at 895; *Weise*, 55 S.W.3d at 619; *Stephens v. State*, 806 S.W.2d 812, 814 (Tex. Crim. App. 1990); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). However, for the reasons that follow, we conclude that appellant's multiple punishments double jeopardy claim is not cognizable on a pretrial writ.

The Fifth Amendment protects a defendant against being placed twice in jeopardy for the same offense. U.S. Const. amend. V, cl. 2 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"). "This protection is implicated only when jeopardy has attached." *Ex parte Macias*, 541 S.W.3d 782, 785 (Tex. Crim. App. 2017), *cert. denied sub nom. Macias v. Texas*, — U.S. —, No. 17-7896, 2018 WL 1070549 (Apr. 16, 2018); *see Serfass v. United States.*, 420 U.S. 377, 388 (1975) ("The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'"); *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009) (observing that "jeopardy must have attached initially" before double jeopardy protections are implicated); *Ortiz v. State*, 933 S.W.2d 102, 105 (Tex. Crim. App. 1996) (explaining that reason for defining particular point when jeopardy attaches in criminal proceedings is that double jeopardy prohibition does not apply until jeopardy attaches). In Texas,

jeopardy attaches in a jury trial only when a jury is empaneled and sworn. *Macias*, 541 S.W.3d at 785; *Moreno*, 294 S.W.3d at 597; *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992). Jeopardy attaches in a bench trial when both sides have announced ready and the defendant pleads to the charging instrument. *Moreno*, 294 S.W.3d at 597; *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Crim. App. 1991); *State v. Fisher*, 212 S.W.3d 378, 380 (Tex. App.—Austin 2006, pet. ref'd). In this case, jeopardy has not yet attached as to any of the offenses with which appellant is charged and on which he bases his double jeopardy claim. Thus, the constitutional prohibition against double jeopardy does not yet apply, and the double jeopardy protections are not yet implicated.

Moreover, pretrial habeas is generally unavailable "when the resolution of a claim may be aided by the development of a record at trial." *Ingram*, 533 S.W.3d at 892 (quoting *Weise*, 55 S.W.3d at 620); *Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724; *Smith*, 185 S.W.3d at 893. Appellant argues that because some counts of the indictment are lesser included offenses that are subsumed by the greater offenses alleged, punishments that may be assessed for those subsumed offenses would violate double jeopardy. *See Maldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015) ("An offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act."); *id.* at 150 n.1("An offense can also be legally subsumed when one offense is a lesser-included offense of another."); *see also Garfias*, 424 S.W.3d at 58 (observing that one scenario under which multiple punishments double jeopardy claim arises is in context of lesser included offenses, where same conduct is punished under both greater and lesser included offense). That may very well be the case. However, such a determination cannot be made at this pretrial stage of the proceedings on the undeveloped record.

If alleged offenses occur during a single continuous act, with a single impulse, in which several different statutory provisions are necessarily violated along that continuum, some of the offenses may merge together or be subsumed, and the defendant may be punished only once. *Aekins v. State*, 447 S.W.3d 270, 275 (Tex. Crim. App. 2014) (discussing "the merger doctrine," "the single impulse doctrine," or, here in Texas, "the doctrine of subsumed acts"). Thus, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct—such as exposure or contact—that is "demonstrably and inextricably part of that single sexual assault." *Id.* at 281; *see Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *see also Loving*, 401 S.W.3d at 650 (Cochran, J., concurring).

Conversely, if the offenses do not occur during a single continuous act but are instead separate and discrete acts, a defendant who commits more than one sexual act against the same victim may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity. *Aekins*, 447 S.W.3d at 278; *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). The key is that one act ends before another act begins. *Aekins*, 447 S.W.3d at 278. This is true for acts violating not only different statutes but different subsections of a single statute, as well as for different discretely prohibited acts within the same subsections of a single statute. *Id.* (internal citations omitted); *Gonzales v. State*, 304 S.W.3d 838, 849 (Tex. Crim. App. 2010); *see Vick*, 991 S.W.2d at 833.

The question in this case, then, is whether the exposure offenses alleged in the indictment are subsumed by the contact or penetration offenses alleged, and whether the contact offenses alleged in the indictment (that may or may not subsume the exposure offenses) are

9

subsumed by the penetration offenses alleged.  Such a determination depends on the facts of the case.  *See Maldonado*, 461 S.W.3d at 148–150 (explaining that whether charged sexual acts are incident to and subsumed by other charged sexual offenses or are separate and distinct offenses depends on facts of case); *see, e.g.*, *Patterson*, 152 S.W.3d at 92 (concluding that indecency by exposure may or may not be part of sexual assault or indecency by sexual contact, depending on facts of case).  Appellant seeks to answer this question pretrial.  However, as the facts of this case have yet to be developed by the presentation of evidence at trial, whether some or any of the alleged offenses are factually subsumed by other alleged offenses cannot be determined.

The Court of Criminal Appeals has explained that there are two relevant inquiries in a double jeopardy analysis when considering whether the offenses at issue are "the same" for double jeopardy purposes:  legal sameness and factual sameness.  *Ex parte Castillo*, 469 S.W.3d 165, 172 (Tex. Crim. App. 2015); *see Aekins*, 447 S.W.3d at 283 (Keller, P.J., concurring) ("For offenses to be the 'same' for double-jeopardy purposes, they must be the same both in 'law' and in 'fact.'").  "The legal-sameness inquiry depends on only the pleadings and statutory law—not the record—to ascertain whether two offenses are the same."  *Castillo*, 469 S.W.3d at 172.  If the offenses are legally the same, the next step is to determine whether the offenses are factually the same.  *Id.* at 169; *Ex parte Benson*, 459 S.W.3d 67, 72 (Tex. Crim. App. 2015).  "The factual-sameness inquiry requires a reviewing court to examine the entire record to determine if the same offenses have been alleged."  *Castillo*, 469 S.W.3d at 172.  "To prevail on a double jeopardy claim, the claimant must prove both legal sameness and factual sameness."  *Id*. at 169.

10

While the undeveloped record here may suggest that the offenses alleged in some of the counts are legally the same as offenses alleged in other counts (because they might be subsumed lesser included offenses), the undeveloped record does not—and cannot at this pretrial stage—demonstrate that any of the offenses alleged in some counts are factually the same as offenses alleged in other counts. "We determine factual sameness by determining the allowable unit of prosecution and reviewing the trial record to establish how many units have been shown." *Castillo*, 469 S.W.3d at 169; *see Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011) (allowable unit of prosecution for indecency with child by exposure is each exposure); *Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007) (allowable unit of prosecution for indecency with child by sexual contact is each act of prohibited touching); *Loving*, 401 S.W.3d at 647–48 (allowable unit of prosecution of aggravated sexual assault is each completed act of specific prohibited conduct) (citing *Vick*, 991 S.W.2d at 832–33). In this case, the determination of factual sameness can only be made after the record has been developed by the presentation of evidence at trial. *See, e.g.*, *Maldonado*, 461 S.W.3d at 149–50 (looking beyond pleadings at evidence presented at trial of separate instances of sexual contact to resolve double jeopardy multiple punishments claim); *see Perry*, 483 S.W.3d at 899 n.81 (noting that "'allowable unit of prosecution' issues sometimes require an examination of evidence beyond the pleadings").

Because factual development of the record is necessary, pretrial resolution of appellant's claim is not available. *See Perry*, 483 S.W.3d at 899; *Doster*, 303 S.W.3d at 724; *Smith*, 185 S.W.3d at 893. We acknowledge that there is one recognized exception to the general prohibition against pretrial resolution of claims that require record development: when the

11

constitutional right at issue includes a right to avoid trial. *See Ingram,* 533 S.W.3d at 892; *Perry,* 483 S.W.3d at 899. And, generally, the constitutional protection against double jeopardy is considered such a right. *See Ingram,* 533 S.W.3d at 892; *Perry,* 483 S.W.3d at 899 & nn.80–81. However, we do not find the exception to be applicable to a claim concerning the constitutional prohibition against double jeopardy in the multiple punishments context.

The Double Jeopardy Clause embodies three separate guarantees—(1) protection against prosecution for the same offense following an acquittal; (2) protection against prosecution for the same offense following a conviction; and (3) protection against multiple punishments for the same offense, *Ex parte Ward*, 964 S.W.2d 617, 624 (Tex. Crim. App. 1998); *Ex parte Broxton*, 888 S.W.2d 23, 25 (Tex. Crim. App. 1994); *Stephens*, 806 S.W.2d at 816; *see Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Ex parte Chaddock*, 369 S.W.3d 880, 891 (Tex. Crim. App. 2012), which encompass two protections: the protection against multiple or successive prosecutions and the protection against multiple punishments, *see United States v. Dixon*, 509 U.S. 688, 696 (1993); *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997); *State v. Donaldson*, — S.W.3d —, No. 03-16-00085-CR, 2017 WL 1508662, at *3 (Tex. App.—Austin Apr. 20, 2017, no pet.). A review of the case law regarding double jeopardy claims asserted on pretrial habeas demonstrates that the double jeopardy protection being asserted (and resolved) pretrial involves the protection against multiple or successive prosecutions. *See, e.g., Castillo*, 469 S.W.3d at 171; *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 261 (Tex. Crim. App. 2009); *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007); *Wheeler*, 203 S.W.3d at 322; *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998); *Ex parte*

12

*Ward*, 964 S.W.2d 617, 618 (Tex. Crim. App. 1998); *Ex parte Coleman*, 940 S.W.2d 96, 97 (Tex. Crim. App. 1996); *Ex parte Williams*, 799 S.W.2d 304, 305 (Tex. Crim. App. 1990); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex. Crim. App. 1987); *see also Gonzalez v. State*, 8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000) (observing that the Court of Criminal Appeals has "decided that a pretrial writ of habeas corpus is usually the procedural vehicle by which a defendant should raise a 'successive prosecutions for the same offense' double jeopardy claim").

The use of pretrial habeas to resolve a successive prosecutions claim is consistent with the limited purpose of pretrial habeas. As we noted earlier, pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy, *see Ingram*, 533 S.W.3d at 891–92; *Ellis*, 309 S.W.3d at 79, that is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review," *see Ingram*, 533 S.W.3d at 891–92 (quoting *Weise*, 55 S.W.3d at 620); *Perry*, 483 S.W.3d at 895. The substantive right involved in a successive prosecutions double jeopardy claim involves the right to avoid trial.[5] Thus, a pretrial remedy to vindicate that right is not only appropriate but

---

[5] The legal and practical value of the constitutional right not to be exposed to jeopardy twice—that is, the "right not to be tried" twice—would be destroyed if it were not vindicated before trial. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 267 (1982) ("[T]he protection afforded by the Double Jeopardy Clause . . . encompass[es] a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."); *Abney v. United States*, 431 U.S. 651, 660 (1977) ("[T]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. . . . [T]he Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense."); *id.* at 662 ("[I]f a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs."); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982) ("We are compelled to hold that there is a Fifth Amendment right not to be

preferred. *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim. App. 1986). However, that is not the case for a double jeopardy multiple punishments claim. The double jeopardy protection against multiple punishments—the right not to be punished multiple times for the same offense in a single prosecution—is not a right that involves the right to avoid trial. *Cf. Perry*, 483 S.W.3d at 895 (concluding that nature of constitutional right at issue entitled appellant to raise claims by pretrial habeas corpus).

Nor is the conservation of judicial resources better served by interlocutory review of a multiple punishments claim. In fact, given the undeveloped record, the situation here demonstrates that the contrary is true. In this case, the right appellant seeks to claim—his constitutional right to be free from multiple punishments for the same offense in a single prosecution—cannot be vindicated before trial. Appellant asserts only a *potential* violation of the double jeopardy protection against multiple punishments. Ultimately, after the evidence is presented at trial, that constitutional protection may not in fact be violated. Even if the evidence is such that some of the alleged offenses are subsumed by other alleged offenses, as appellant contends, it is possible that appellant may not be convicted—and therefore not punished—for those subsumed offenses. For example, the State may, depending on the evidence at trial, opt to abandon some counts before they are submitted to the jury for consideration. Further, the jury may not find appellant guilty of counts relating to potentially subsumed offenses. If it does, the State may move to abandon the counts of any subsumed offenses, after the jury's guilty verdict before punishment is determined, in order to avoid a multiple punishments violation. Or, after the jury has assessed punishment(s), the trial court

exposed to double jeopardy, and that it must be reviewable before that exposure occurs.").

14

may—at the State's request, on its own motion, or on appellant's request—vacate the convictions for any subsumed offenses that violate the double jeopardy protection against multiple punishments. Appellant's multiple punishments claim, raised in a pretrial habeas writ, is premature and not ripe for appellate review. *See, e.g.*, *Smith*, 185 S.W.3d at 893 (concluding that *in pari materia* claim is not cognizable in pretrial writ of habeas corpus because appellant could pursue claim on appeal if necessary and because claim was not ripe for review: "An appellate decision on the *in pari materia* claim would be premature before the State has had an opportunity to develop a complete factual record during a trial.").

Appellate courts must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that should not be put before the appellate court at the pretrial stage. *See Ellis*, 309 S.W.3d at 79; *Doster*, 303 S.W.3d at 724; *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Weise*, 55 S.W.3d at 619; *accord Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd); *Paxton*, 493 S.W.3d at 297; *see Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.) (observing that writ of habeas corpus is extraordinary remedy available only when there is no other adequate remedy at law and is not to be used as substitute for appeal). A violation of the protection against multiple punishments can be corrected after trial. *See Rathmell*, 717 S.W.2d at 34 ("To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment." (quoting *Abney v. United States*, 431 U.S. 651, 660 (1977))). Here, appellant may pursue his

15

multiple punishments claim on appeal if necessary. *See Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez*, 8 S.W.3d at 643. For that matter, appellant has post-trial remedies in the trial court before an appeal as he can assert his multiple punishments claim at sentencing or in a motion for new trial. *See, e.g.*, *Preciado v. State*, 346 S.W.3d 123, 126 (Tex. App.—Amarillo 2011, pet. ref'd) (affirming trial court's grant of new trial to resolve violation of prohibition against multiple punishments for same offense).

In sum, appellant's multiple punishments double jeopardy claim is not cognizable on pretrial habeas for several reasons. First, the double jeopardy prohibition against being twice placed in jeopardy does not yet apply, and the double jeopardy protections have not yet been implicated, because jeopardy has not attached to any of the offenses upon which appellant bases his double jeopardy claim. Second, the resolution of appellant's double jeopardy multiple punishments claim requires the development of a record at trial as the determination of whether some or any of the alleged offenses are subsumed by other alleged offenses—and thus are legally and factually "the same offense"—depends on the facts of the case. Third, the constitutional right appellant seeks to assert does not involve the right to avoid trial, nor are judicial resources conserved (but are in fact squandered) by reviewing appellant's double jeopardy claim prior to the development of facts at trial. Finally, should a multiple punishments violation actually occur in this case, appellant has an adequate remedy post-trial—either in the trial court or on appeal.

Accordingly, because appellant's multiple punishment claim is not cognizable in a pretrial application for writ of habeas corpus, we conclude that the trial court did not abuse its

16

discretion in denying appellant's application and refusing to quash the indictment.  We overrule appellant's sole point of error.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in denying appellant's pretrial application for writ of habeas corpus, we affirm the trial court's order denying habeas relief.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   May 23, 2018

Do Not Publish