

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00495-CR

The **STATE** of Texas,
Appellant

v.

Jose **HERNANDEZ**,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CR-10524-02
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 24, 2025

DISMISSED

On August 4, 2025, appellant, the State of Texas, filed its notice of appeal and request for stay of proceedings from an order signed by the trial court that granted a "Motion to Exclude Quantitative Forensic Testing Evidence" and "Motion to Suppress Forensic Analysis of Evidence" filed by appellee, Jose Hernandez. Also on August 4, 2025, the trial court signed an "Order Reconsidering Ruling on Defendant's Motions." The reconsideration order denies the two motions that the trial court had previously granted. On August 5, 2025, the clerk's record was filed. The

State has since filed a motion to dismiss the instant interlocutory appeal, and Hernandez has filed an "Emergency Motion to Rescind the Trial Court's Order and Response to State's Motion to Dismiss." We dismiss.

Hernandez contends that the State's filing of a notice of appeal "divest[ed] the trial court of further jurisdiction over the subject matter of the appeal," thereby making the trial court's reconsideration order "void." To be sure, the State was entitled to pursue the instant interlocutory appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (providing that the State is entitled to appeal an order of a trial court in a criminal case if the order grants a motion to suppress evidence). The State was also entitled to a stay once the appellate record had been filed. *Accord id*. art. 44.01(e) (providing that the State is entitled to a stay in the proceedings pending the disposition of an appeal of an order that grants a motion to suppress evidence), *with* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court — except as provided otherwise by law or by these rules — will be suspended until the trial court receives the appellate-court mandate."); *see also Ex parte Macias*, 541 S.W.3d 782, 786 (Tex. Crim. App. 2017) (applying Texas Rule of Appellate Procedure 25.2(g) to an interlocutory appeal challenging the granting of a motion to suppress). The clerk's record in this case was filed a day after the trial court signed the reconsideration order. The general rule is that "a trial court may reexamine its ruling on a motion to suppress at any time prior to or during trial." *Lackey v. State*, 364 S.W.3d 837, 845 (Tex. Crim. App. 2012) (internal citations omitted). In this case, nothing precluded the trial court from following the general rule and reconsidering its granting of Hernandez's motions to suppress before the appellate record was filed.

For these reasons, we grant the State's motion to dismiss, *see* TEX. R. APP. P. 42.2(a), and deny Hernandez's "Emergency Motion to Rescind the Trial Court's Order and Response to State's Motion to Dismiss."

PER CURIAM

DO NOT PUBLISH